## 21196. LORANCE v. LORANCE.

ARGUED MARCH 13, 1961—DECIDED APRIL 6, 1961.

*Jack M. Thornton, Clyde L. Armour, Jr.,* for plaintiff in error. *Vincent P. McCauley,* contra.

DUCKWORTH, Chief Justice. It is stipulated by counsel that sufficient evidence was introduced to prove the ground of divorce, and the only issue raised by the motion for new trial, as amended, is whether or not residence for the time required by *Code Ann.* § 30-107 (Ga. L. 1939, p. 203; 1950, p. 429), was shown. Consequently our decision depends upon whether or not the evidence showed that the petitioner had acquired six months' residence in Muscogee County, Georgia, as required by law. Testimony of the petitioner in his own behalf is the only evidence on this question. The substance of his testimony is that he arrived at Fort Benning, Georgia, as a member of the armed forces of the United States, and was in Columbus on the day after Thanksgiving in 1957. He immediately contacted an attorney in respect to filing a divorce action. The attorney explained to him the law about

living on and off post, that is on post a year or off post for six months. He then got a room with another off post in Muscogee County. He occupied that room, taking all meals on post until June 1958. He filed for divorce on June 2, 1958. Previously he had bought a home in the State of Washington about 1951, and went to Japan in 1952, returning to Washington in 1954 and leaving again in 1955. He never registered to vote in Georgia. He had been a registered voter in Washington since 1949, voted there in 1960, and considers "that my residence." He sent a letter to Washington in 1960 to see if he could vote. He knew he had to be a resident of Washington to vote there. He "was a resident of Washington from 1949 to 1955," when he left there and did not know whether or not he still was in 1960. He moved into town "with an idea of living here six months to get a residence in Georgia." About a month or two after the six months were up, he moved back on the post because the soldier he lived with was going to move away. "Getting a divorce was one of my reasons for moving into Columbus. I was stationed down here at the time." He bought a car in Washington in 1957 or 1958, but he did not get a Georgia license for it because he did not have it in Georgia.

His testimony thus shows that he was a resident of the State of Washington before he came to Georgia, and he established a residence in Muscogee County to obtain a divorce in this State, yet on cross-examination he states that he is a resident of Washington, knew he had to be a resident to vote there in 1960, and nowhere testifies that he has ever returned to Washington to re-establish his residence if he in fact had established it in this State. This testimony can mean only that he was a resident of Washington and has never changed his residence from 1955 to 1960, since this is the only way he could still be a resident. To this type of contradictory testimony of a party in his own behalf must be applied the rule that, when given a construction most unfavorable to him, if it shows him not entitled to prevail, unless other evidence shows that he should prevail, he must lose. *Davis v. Akridge,* 199 Ga. 867 (36 S. E. 2d 102) ; *Partain v. King,* 206 Ga. 530 (57 S. E. 2d 617) ; *Douglas v. Sumner,* 213 Ga. 82 (3), 85 (97 S. E. 2d 122). Under this rule, he has not only never

changed his voting registration from Washington where he resided in 1955, but he acted upon that registration in 1960, thus showing his intention to retain residency there since 1955. It requires both act and intent to establish a residence, and either without the other is insufficient.

While on issuable facts the jury alone must decide (*Stallings v. Stallings*, 127 Ga. 464, 56 S. E. 469, 9 L. R. A. (NS) 593; *Bellamy v. Bellamy*, 187 Ga. 804, 2 S. E. 2d 413; *Williams v. Williams*, 191 Ga. 437, 12 S. E. 2d 352), yet where, as here, all the evidence when subjected to the construction demanded by law leads to only one conclusion, a verdict to that effect is demanded. Here the demanded verdict is that the plaintiff was never a resident of the county where the divorce case was filed, and hence the petitioner was not entitled to a divorce.

It follows that the verdict for a divorce was unauthorized, and it was error to deny the motion for new trial as amended.

*Judgment reversed. All the Justices concur.*