30684. BENNETT v. THE STATE.

NICHOLS, Chief Justice.

Stanford Bennett was indicted and convicted for the offense of armed robbery. On appeal five alleged errors are enumerated. They deal with the admission of identification testimony, the charge as to the defense of alibi, and instructions of the court given the jury when they were allowed to disperse overnight.

1. The first enumeration of error complains that the trial court erroneously admitted evidence, over objections made in a motion to suppress, as to in-court identification by the alleged victim because of an improper lineup in which the alleged victim identified the defendant.

Voluminous testimony was adduced as to the lineup procedure followed in this case. A review of this evidence (examined in light of decisions exemplified by *Dagenhart v. State,* 234 Ga. 809, 810 (218 SE2d 607) (1975), and cits.)) requires a finding that the trial court did not err in admitting into evidence the in-court identification of the defendant by the victim. The record clearly shows that the defendant was identified by the victim at the lineup both by sight and by voice, the voice identification being made while the victim was not looking at the six persons in the lineup.

2. The second, fourth and fifth enumerations of error complain of instructions given the jury when they were allowed to disperse overnight. The trial took place over a three-day period. When the jury was permitted to disperse the first night, it is contended that after properly instructing the jury that they should not discuss the case with anyone nor allow anyone to discuss it with them, not even among themselves or with their husbands or wives,

the court erred in failing to also instruct the jury "that they should not consider the case, even in their own thoughts, until they returned to the courthouse the next day."

The fourth and fifth enumerations of error complain that the trial court erred in the instructions given the jury when they were permitted to disperse the second night. At the time the jury was permitted to disperse, they had already begun deliberations on the case but at that point had been unable to arrive at a unanimous verdict. Prior to being permitted to disperse the following occurred: "Mr. Foreman: Sir, I don't — we're ten and two right now and . . . to the best of our knowledge and we can't seem to reach a decision. May we sleep on it tonight and reach one in the morning with some further discussion? But right now, I don't see any hope for reaching a verdict tonight. I really don't. The Court: Well, you were six to six at one time? Mr. Foreman: Yes, sir. The Court: Then you went to supper and you're ten to two now. Would counsel approach the bench, please? Ladies and Gentlemen of the Jury, I've discussed this matter with counsel and all of us agree that perhaps it would be best if you did, as you stated Mr. Foreman, sleep on it tonight and maybe you can reach a verdict tomorrow.

"Now, I will not be here tomorrow. I've got a medical problem and I will be, probably at the hospital, but Judge Miller will be here and he will take your verdict, whatever it may be. And in the event you cannot reach a verdict, why of course, that would also—you also make that report to Judge Miller at such time during the day tomorrow, if that be your verdict. Hopefully of course, the Court hopes that you will agree to a verdict one way or the other sometime tomorrow . . . you go home and sleep on this matter and come back tomorrow . . . Come back tomorrow morning at nine o'clock. Keep an open mind on this. Don't try to get any help from home or from anyone else on this matter, this is your obligation and responsibility alone so don't discuss it with anyone else. The Court will take a recess until nine o'clock in the morning . . ."

As to the second enumeration of error, dealing with the charge given when the jury was permitted to disperse prior to the conclusion of their evidentiary portion of such

trial, the contention is made that the court should have instructed the jury not to consider (even in their own minds) the evidence that had been thus far adduced. As to the fourth enumeration of error, the contention is made that the instruction to go home and "sleep on this matter" amounted to an instruction to go home and consider the case overnight. As to the fifth enumeration of error, it is contended that the statement by the trial court—that there was a possibility of another judge presiding on the following day—had the effect of "pressuring" the jury to arrive at a verdict. None of these contentions shows any reversible error.

3. The third enumeration of error complains that the court's instruction, as to the defense of alibi, failed to properly emphasize that the state had the burden of proof beyond a reasonable doubt as to such issue. The court's instruction on this issue followed the charge approved by this court in a footnote in *Patterson v. State,* 233 Ga. 724, 730 (213 SE2d 612) (1975) and shows no error.

The evidence authorized the verdict and no error of law appearing, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 17, 1976.

*Paul S. Weiner,* for appellant.
*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.

