## 51777. SMITH v. THE STATE.

MARSHALL, Judge.

Appellant brings this appeal from his conviction of robbery by intimidation following trial by the court upon waiver of a jury and a sentence of 15 years. Appellant enumerates as error the trial court's denial of his motion for new trial, as amended, alleging the general grounds and an additional ground of an impermissibly suggestive pre-trial line-up identification which also allegedly tainted an in-court identification. *Held:*

1. As to the general grounds, the evidence of record established a robbery by intimidation in which the victim's purse, containing cash and credit cards, was taken under the threat of a knife. The victim positively identified appellant as the robber (See Division 2, infra.). After the robbery, appellant was apprehended attempting to make a credit purchase using one of the robbery victim's credit cards. Appellant denied committing the robbery or using the credit card.

The trial court, sitting as the trier of fact, obviously believed the state's evidence. His finding is supported by the evidence and will not be disturbed by this court simply because of a conflict in the evidence, a conflict which the trial court, as trier of fact, had the duty to resolve. *Cherry v. State,* 135 Ga. App. 819 (219 SE2d 41).

2. Appellant filed a motion to suppress a pre-trial identification alleging he was required to speak certain words louder and more often than others in the line-up; that he was wearing a gold or silver chain which the victim recognized and others in the line-up were not; that he was denied the right to have counsel present; and that the victim had too fleeting an exposure to the actual robber to identify anyone with certainty. This motion was heard along with and as part of the evidence in chief. The motion was denied.

The victim testified that all persons in the line-up spoke the same words and in the same way. Others

present at the line-up corroborated this portion of the victim's testimony. She also testified that she had adequate opportunity to view the appellant when the robbery occurred and the sounds of the spoken words were of no use in identification. Furthermore, she testified that she identified the appellant based upon his facial characteristics and was positive in this identification before she realized the appellant was wearing a chain. Lastly, police witnesses testified that on the day before the line-up appellant had been advised fully of his right to have an attorney present.

In a motion to suppress, the judge is the trier of fact. *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910). Credibility and weight, and resolution of conflicts or inconsistencies are matters to be determined by the judge in a motion to suppress. In the absence of evidence of record demanding a finding contrary to the judge's determination, we will not reverse the ruling denying the suppression. *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345).

The evidence was sufficient to show that this line-up was not impermissibly suggestive. *Head v. State,* 235 Ga. 677, 678 (221 SE2d 435); *Payne v. State,* 233 Ga. 294 (210 SE2d 775). Furthermore, the trial court also was warranted in accepting the victim's in-court identification of appellant, as one based upon a source independent of the line-up, i.e., the physical encounter at the time of the robbery. *Yancey v. State,* 232 Ga. 167 (205 SE2d 282).

The trial court did not err in denying the motion for new trial based upon the two grounds asserted.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED MARCH 5, 1976.

*Stephen M. Friedberg,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.