## 32334. TUFF v. THE STATE.

HALL, Justice.

Tuff appeals from his conviction of kidnapping, rape, aggravated sodomy and armed robbery.

The evidence presented at trial shows that on the night of September 11, 1976, the victim was forced into a car at gunpoint by three black males. She was taken to a wooded area and there repeatedly beaten, raped, and sodomized by each of the men. After about three hours of physical and sexual abuse the victim managed to escape her captors and immediately reported the incident to the county sheriff's office. The victim gave the sheriff's department a description of the car used in the abduction. She also gave police what she thought to be the nickname of one of the men.

Shortly after the incident was reported, the Warner Robins Police searched the scene of the crime. There they found red paint and metal scrapings on a slab of concrete in the wooded area. From that information and tire tracks found nearby, the investigators concluded that a car must have scraped the concrete slab while leaving the area.

On September 13, 1976, the police investigators were told by a black informant that the appellant, John Henry Tuff, sometimes used the same nickname that the victim gave police. The informant also told them that the appellant owned a red car that might fit the victim's description.

Acting on the informant's tip they went to the appellant's residence to investigate the matter further that same day. Upon arrival they spotted a car parked in the front yard and on closer inspection they discovered that the car fitted the description given by the victim and that it also had scrape marks down one side. Immediately thereafter the police went to the residence and arrested Tuff. Before leaving they instructed him to lock the car. The police then called for a wrecker and had the car towed to the sheriff's office.

Upon arrival at the police station Tuff was advised of his constitutional rights and was questioned by the investigating officers. Later the police obtained a consent to search from the appellant and the impounded vehicle

was searched by the investigators. An earring, identified as belonging to the victim, was found inside the vehicle and paint scrapings along with particles of cement were secured by the investigators from the outside of the car.

On December 16, 1976, the victim identified Tuff's picture from a display of 24 photographs of black men in a similar age category. That same day, after having been advised of his constitutional rights, Tuff gave the detec- tives an incriminating statement which was recorded on tape.

During trial the motions to suppress the photograph identification and the evidence taken from the car were overruled after a hearing outside the presence of the jury. Similarly, the incriminating statement was admitted for the jury's consideration after a full Jackson-Denno hearing outside the jury's presence.

1. The trial court did not err in overruling the motion to suppress the evidence taken from appellant's automobile. The warrantless search of the automobile was proper. *Newman v. State,* 237 Ga. 376 (228 SE2d 790) (1976).

2. We find no merit in appellant's contention that the trial court erred in the admission of an incriminatory statement he made to the police because the statement was made after he had requested counsel for bond purposes but before counsel was appointed.

There was evidence from which the trial court was authorized to find that Tuff did not state that he wished to consult an attorney before giving a statement. He was advised of his Miranda rights upon his arrest, and signed a waiver of those rights and made a statement exculpating himself. Three days later, he requested that the officers speak with him again. He was advised of his constitutional rights and signed another waiver. He made a verbal statement concerning his involvment in the incident, and agreed to have this statement recorded. At the recording session he was advised of his constitutional rights again, and he indicated on the tape that he understood them but was willing to make a statement.

The test of voluntariness relates to the totality of the circumstances, *Pierce v. State,* 235 Ga. 237 (129 SE2d 158) (1975); *Stapleton v. State,* 235 Ga. 513 (220 SE2d 269)

(1975); and the fact that Tuff was without counsel did not render this statement involuntary.

3. The contention that the trial court erred in failing to suppress evidence of the photograph identification made by the victim is without merit. The evidence presented at trial indicates that the victim was shown 24 photographs of men of similar race and age. The appellant's photograph was not distinguished in any way from the others. Furthermore, the victim was not led to believe that any of her captors were among the men represented in the display. There was no indication that the display was impermissibly suggestive. *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 27, 1977 — DECIDED SEPTEMBER 7, 1977.

*George F. Nunn, Jr.,* for appellant.

*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.

