## 54542. GOERNDT v. THE STATE.

Deen, Presiding Judge.

1. The rules of law governing the liability of one who injures another in an attempt to prevent or end a trespass on his property are the same whether the proceedings are civil or criminal in nature. Brown v. Martinez, 361 P2d 152 (3), 100 ALR2d 1012, 1017.

2. "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into ... a habitation." Code § 26-903. A trailer which is the home of the defendant is a habitation in the same sense, and the right to defend it against a trespasser is the same. Evans v. Hughes, 135 FSupp. 555.

3. As against a tenant in possession, where the right of reentry is not contained in the rental agreement, a landlord has no right to force his way into the rented premises. The public policy of this state provides for summary dispossession of a tenant who is in arrears for rent, and forcible entry without legal process by the landlord against the will of the tenant renders him a mere trespasser. *Entelman v. Hagood,* 95 Ga. 390 (1) (22 SE 545).

4. The uncontradicted testimony on this trial on a charge of simple battery is that the prosecutrix rented a trailer to the defendant for use as his home at a price of $120 per month; that it was understood at the time that the defendant was commencing a job as a civil servant and due to this fact his first pay check would be late and he would be late in payment; that he entered in possession on December 17 and soon thereafter paid $50 (but whether this sum was to be applied to the first month's rent or to a security deposit is in dispute); that on January 10 he paid the prosecutrix $100; that on January 13 she came to the trailer to tax the defendant with not having paid a sufficient amount of money and refused to leave. The defendant likewise refused her admission. The prosecutrix was on the outside of the door and the defendant on the inside, with the former holding the door open against his efforts to close it. He then (a) threw a

pitcher of water on her and (b) when she still refused to retreat, attempted to slam the door shut. The landlady's fingers were curled around the door jamb and were slightly injured when the door hit them. There is no question but that this incident was the culmination of a fairly protracted attempt at forcible entry on her part, and also that she and a daughter had come previously on a similar errand and had "fanned out" throughout the "rooms" of the trailer, the prosecutrix insinuating that the defendant might be a thief and have stolen goods on his premises. None of these facts, taken separately or together, gave the prosecuting witness any right to enter the defendant's lodgings by force. He obviously had a rental contract for at least a month, and the month had not elapsed. Whether he was slightly overpaid or underpaid (depending on the allocation of the first deposit) he was perfectly within his rights in refusing her admittance. The defendant had a right to use that amount of force reasonably necessary to keep her from entering.

5. It is true that there is some slight testimony on the part of the prosecutrix and her daughter that the confrontation took place outside the doorway, which might, taken alone, be sufficient to create a question of fact as to whether a battery was committed unjustified by the defense of habitation. However, the witness also positively testified that "he tell me," that he then went inside the trailer and came back with a pitcher of water and "he stay inside and I stay outside," and it was after this that the defendant attempted to close his door. Where a witness, particularly one with a personal interest in the result of the case, testifies in a self-contradictory manner, that construction most unfavorable to his position should generally be adopted. Cf. *Lorance v. Lorance*, 216 Ga. 754, 755 (119 SE2d 342). From the evidence in this case taken as a whole it is clear that the defendant used no more force than reasonably necessary to prevent the witness from entering his habitation, and that she had no right of entry over his refusal to accommodate her.

*Judgment reversed. Smith, Shulman, Banke and Birdsong, JJ., concur. Bell, C. J., Webb and McMurray, JJ., dissent. Quillian, P. J., not participating.*

Submitted September 8, 1977 — Decided October 7, 1977 — Rehearing denied November 22, 1977 — 

*Williams & Finlayson, Theron Finlayson,* for appellant.

*Austin K. Kemp, II, Solicitor,* for appellee.

Webb, Judge dissenting.

I must agree with the state on motion for rehearing that Division 4 of the majority opinion overlooks material facts set forth in the record and contains certain statements not supported therein.

The evidence shows that Joel Goerndt entered into an oral agreement with Mr. and Mrs. Delchamps to rent a mobile home on December 17, 1976. Goerndt dealt initially with Mrs. Delchamps and she agreed to let him move in that day upon payment of a $50 security deposit if he would pay the $120 rent on January 1, 1977. On January 10, Goerndt paid $100, at which time he received a handwritten receipt on the envelope in which he delivered his check. On January 13 Mrs. Delchamps and her daughter went to Goerndt's trailer to deliver a proper receipt and to inquire about the remainder of the rent due.

Goerndt made it clear in his testimony that he resented a prior visit of Mrs. Delchamps and her daughter inside the trailer, and stated that when she knocked on the door this time, "I stepped outside because I didn't want them in the house." When Mrs. Delchamps began to question Goerndt as to further payment of the rent, each, according to the other's testimony, became abusive and threatening. Goerndt swore that at this point he told Mrs. Delchamps to "get out," although it is clear that she was then still on the lower step outside the trailer holding the door open with her hand, and he was inside the door. He forced the door shut on her hand, but when she still did not leave, filled a pitcher with water, threw it on her, slammed the door on her hand again and "pushed" or "shoved" her off the steps. She would have fallen to the ground if her daughter had not caught her.

Goerndt's testimony that he asked the Delchamps to leave was disputed by the daughter, and is therefore not

uncontradicted testimony, as stated by the majority, but rather creates an issue of fact. Furthermore, the statement that "There is no question but that this incident was the culmination of a fairly protracted attempt at forcible entry" is not supported by the record as a whole, or even the testimony of Goerndt himself. It is impossible to draw any other conclusion from the testimony of Goerndt, Mrs. Delchamps, and her daughter than that during the entire episode in question Mrs. Delchamps and her daughter remained at all times outside the trailer. The only *entry* of the trailer by Mrs. Delchamps shown by the evidence occurred prior to January 13 and was occasioned by her observation of water running from it, caused by Goerndt's attempts to repair the washer. Moreover, there is nothing to indicate any communication by Goerndt prior to January 13 which could be said to have prohibited or put Mrs. Delchamps on notice that she was not welcome to reenter Goerndt's trailer, even if it could be said that the entry was unauthorized.

Every case cited by the majority relating to defense of habitation involves a forcible entry, and is therefore inapposite. No forcible entry or prior notice that entry was forbidden having been shown here and no attack upon habitation having been alleged, as contemplated by Criminal Code §§ 26-1503 and 26-903, Goerndt's actions could be justified only if and to the extent that he reasonably believed that the threats and force used were necessary to *prevent* Mrs. Delchamps' entry. However, the trial judge, sitting as the trier of facts, heard all the evidence and concluded that a simple battery had occurred. In such a case, "his findings based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cits.]" *West v. West,* 228 Ga. 397, 398 (1) (185 SE2d 763) (1971); *Cherry v. State,* 135 Ga. App. 819, 820 (1) (219 SE2d 41) (1975).

The evidence here, although in conflict as to some particulars, was ample to support the verdict, and I feel bound to affirm the judgment of conviction.[1] *Rainwater v.*

___

[1] The adjudication of guilt was deferred pursuant to

*Vazquez,* 135 Ga. App. 463, 464 (3) (218 SE2d 108) (1975); *Smith v. State,* 137 Ga. App. 845 (1) (225 SE2d 93) (1976).

I am authorized to state that Chief Judge Bell and Judge McMurray join in this dissent.

the First Offender Act (Ga. L. 1968, p. 324), and Goerndt was placed on 12 months probation and fined $150.