## 60011. ARNOLD v. THE STATE.

CARLEY, Judge.

Appellant appeals his conviction of aggravated assault and robbery.

1. Appellant enumerates as error the denial of his motion to suppress evidence concerning a pre-indictment line-up and a voice identification procedure. It is first urged that the motions should have been granted because both identification procedures were conducted without counsel being present, in violation of appellant's Sixth Amendment rights. This argument is without merit. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); *Wimberly v. State,* 233 Ga. 386 (211 SE2d 281) (1974); *Wilson v. State,* 237 Ga. 657 (229 SE2d 424) (1976).

With regard to the line-up, appellant further urges that it was impermissibly suggestive and conducive to irreparably mistaken identification. He contends that he was required to appear before the victim dressed in a manner distinct from the other nine men constituting the line-up. The victim had reported her assailant to be a black male, 5'9'' to 6' tall, of medium build, having long sideburns, wearing dark clothes and a cap with a bill pulled "way down on his eyes." The testimony concerning the relative appearances of the members of the line-up is in conflict. Appellant testified that the police had given him a cap prior to the line-up and instructed him to wear it. He further testified that he was the only one in the line-up to be wearing a cap when brought before the victim for identification. At the suppression hearing, the testimony of the victim—who was sixty-six years old and suffered from impaired hearing—was highly confused but corroborative of appellant's testimony that he was the sole member of the line-up to be wearing a cap. However, the officer in charge of conducting the identification procedure testified that appellant was not wearing a cap when he appeared in the line-up.

We have carefully studied the evidence concerning the physical makeup of the line-up in which appellant was identified by the victim. Suffice it to say that unless appellant appeared before the victim as the only member of the line-up to be wearing a cap, there is no evidence that the procedure was otherwise impermissibly suggestive. *Payne v. State,* 233 Ga. 294 (210 SE2d 775) (1974); *Head v. State,* 235 Ga. 677 (221 SE2d 435) (1975); *Mitchell v. State,* 236 Ga. 251 (223 SE2d 650) (1976); *Smith v. State,* 239 Ga. 744 (238 SE2d 884) (1977); *Tuff v. State,* 239 Ga. 475 (238 SE2d 114) (1977); *Mullins v. State,* 147 Ga. App. 337 (248 SE2d 706) (1978). Thus the determination of the issue of impermissible suggestiveness in this case involves resolving conflicts in the testimony, deciding the

credibility of the witnesses and weighing the evidence on the question of whether appellant was the only member of the line-up to be wearing a cap. The trial court performed these fact finding functions and determined that the line-up was not impermissibly suggestive. "In a motion to suppress, the judge is the trier of fact. [Cit.] Credibility and weight, and resolution of conflicts or inconsistencies are matters to be determined by the judge in a motion to suppress. In the absence of evidence of record demanding a finding contrary to the judge's determination, we will not reverse the ruling denying the suppression. [Cit.] The evidence was sufficient to show that this line-up was not impermissibly suggestive. [Cits.]" *Smith v. State,* 137 Ga. App. 845, 846 (225 SE2d 93) (1976). The evidence in the instant case being sufficient to show that appellant was not forced to wear a cap at the line-up and that the identification procedure was not in any other manner impermissibly suggestive, we find no reversible error for any reason urged on appeal. It, therefore, follows that there was no error in the admission of the victim's in-court identification of appellant. *Thomas v. State,* 148 Ga. App. 222 (251 SE2d 136) (1978).

Likewise, we find no merit to arguments that the voice identification procedure was impermissibly suggestive and that evidence concerning it should have been suppressed. The evidence adduced at the hearing on the motion to suppress was that the victim heard the voice of each of the ten men in the line-up without being allowed to observe who was speaking. The only evidence at the suppression hearing of the results of this procedure was the testimony of the officer who stated that the victim had twice identified the voice of appellant as that of her assailant. This procedure was not impermissibly suggestive. *Bennett v. State,* 236 Ga. 313 (223 SE2d 693) (1976); *Reese v. State,* 145 Ga. App. 453 (243 SE2d 650) (1978).

This result is not changed by the fact that, when questioned about the voice identification at trial, the victim testified that she had been unable to identify anyone through that process. Indeed, this testimony, if anything, was beneficial to appellant. Not only was there no in-court identification of appellant by the victim based upon this voice procedure, the victim stated positively there was no such identification. Therefore, we find that the testimony at trial concerning the results of the voice identification did not render tainted as a matter of law the otherwise non-suggestive procedure and testimony concerning those results was, under the circumstances, properly received. Cf. *Devlin v. State,* 147 Ga. App. 703 (250 SE2d 6) (1978).

2. The trial court did not commit reversible error in allowing the

admission, over objection, of testimony by the state's expert witness. *Thornton v. Gaillard,* 111 Ga. App. 371 (141 SE2d 771) (1965). "The testimony to which objection has been made was based upon the expert's experience, his personal investigation and his study. As such it constituted an independent expression of the expert's personal opinion and was properly ruled to be admissible. [Cits.]" *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178, 183 (196 SE2d 149) (1973). "The testimony of an expert, as to his opinion as such, is admissible upon any matter, if the opinion given relates to scientific or technical knowledge. The weight of such testimony, and whether its application to the proved facts is illustrative of the particular transaction under investigation, is a question for the jury." *McClendon v. State,* 7 Ga. App. 784 (68 SE 332) (1910).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JUNE 16, 1980 — DECIDED SEPTEMBER 5, 1980.

*Alfred F. Zachry, Louis J. Kirby,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.