## 61450. KEMP v. THE STATE.

BIRDSONG, Judge.

Charles David Kemp was convicted of two counts of armed robbery, kidnapping, rape and aggravated sodomy. He was sentenced to concurrent life sentences for rape and aggravated sodomy and

concurrent 10-year sentences for armed robbery and kidnapping but to run consecutive to the life sentences. Kemp brings this appeal raising three enumerated errors. *Held:*

1. In his first enumeration, Kemp argues that the state's attorney made several prejudicial comments and references which allegedly pointed to evidence not admitted concerning an undisclosed relationship with a female police officer (an assault) which occurred several months earlier than the offenses for which Kemp was on trial. The trial court would not allow the evidence of the earlier assault (though very similar in design and modus operandi) in what obviously was an abundance of caution to avert possible prejudice. However, the evidence offered as to the officer's arrest of the appellant for the crimes for which he presently was on trial and as to all the circumstances of that arrest clearly was admissible. *State v. Luke,* 232 Ga. 815 (209 SE2d 165); *Hawkins v. State,* 137 Ga. App. 483, 484 (224 SE2d 118). The argument of the state's attorney that certain (unidentified) evidence might be forthcoming through the witness and subsequent evidence that Kemp showed signs of fear of and possible recognition by the female officer when he was arrested again without connecting that recognition and flight with the earlier assault certainly was less harmful than the evidence of the circumstances of the earlier assault (which we believe was fully admissible). It was only the fortuitous fact that appellant had earlier assaulted the very female police officer, who subsequently arrested him for the present series of crimes, that any potential problem occurred with the witness' testimony. We conclude that the trial court acted fairly in its regulation of the trial and the admission of the evidence and argument involved. We do not view the proceedings with the same alarm as does counsel for the appellant. Our reading of the record indicates a scrupulous regard for the protection of the rights of the appellant. We discern no error or prejudice in the argument of counsel or the admissibility of the evidence. *Sierra v. State,* 155 Ga. App. 198 (270 SE2d 368).

2. In his second enumeration of error appellant argues that he was not granted a full hearing outside the presence of the jury on the issue of pretrial identification by the victim of the rape and robbery. In point of fact, appellant requested a hearing outside the jury and was granted that right. However, he did not make such a request before the trial started but only as particular witnesses came to testify. Eventually appellant complained that he had not called all the witnesses he wanted on the issue and from that base now complains that he was denied the "complete" right to such a hearing.

If there was a piecemeal approach to the admissibility of the pretrial identification procedures, it was the result of the appellant's

own actions. The trial court allowed two out-of-court proceedings prior to testimony of two of the identification witnesses, and even allowed cross examination of another witness outside the presence of the jury on the issue. At no time has appellant shown that the actual identification testimony was violative of any substantive rights. We believe that if there were any irregularities in the procedure followed by the trial court, they were induced by the appellant. The trial court was very lenient in allowing counsel to proceed in a piecemeal fashion as new witnesses were called. The evidence showed that the pretrial identification procedures were not improper and that the in-court identifications were based upon the witnesses' exposure to appellant at the time of the offenses themselves and not as a result of impermissible suggestiveness in the pretrial procedures. See *Bennett v. State,* 236 Ga. 313 (223 SE2d 693); *Walker v. State,* 139 Ga. App. 751, 752 (229 SE2d 546). Futhermore, appellant will not be allowed to complain as to procedures that he countenanced and even induced. *Perryman v. State,* 244 Ga. 720 (261 SE2d 588); *Mosley v. State,* 150 Ga. App. 802 (258 SE2d 608). This enumeration lacks merit.

3. In his last enumeration appellant complains that he was denied the right of discovery in that the trial court did not give him copies of statements of witnesses who testified for the state. He adds to this enumeration the allegation that the trial court erred in failing to seal and deliver to this court as a part of the record the exhibits of the state's file that the trial court examined in camera.

In the first instance, it is admitted by appellant's counsel that he was given the right (and exercised that right) to examine the state's file. Counsel admitted that he had seen all the desired statements but simply could not recall the full substance of each statement. The state objected to delivering the statements as they existed at the time of trial because trial notes had been placed thereon by the state's attorney. The trial court did in fact examine some of the witnesses' statements and in one instance, disclosed information to the defense and stated as to the others that nothing exculpatory appeared therein. Appellant has made no showing before this court that the procedure followed denied him the opportunity to fully cross examine the state's witnesses or that the state's counsel purposefully withheld evidence that would have affected either the issue of guilt or the sentence imposed upon the defendant.

This court recently has examined contentions similar to those made by counsel in this case and rejected the position advocated by appellant. We conclude first that appellant was afforded full discovery rights. Even though counsel saw all the statements, counsel for appellant has shown this court no reason why we should exercise our discretion to call before this court the state's records examined in

camera, i.e., that material was withheld that would have resulted in a different verdict. See *Barnes v. State,* 157 Ga. App. 582. The failure of the trial court to seal the records was harmless. This enumeration likewise lacks merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 19, 1981 —

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Russell J. Parker, Assistant District Attorneys,* for appellee.