## 65049. WOODS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for aggravated sodomy. *Held:*

1. Error is asserted on the grounds that the trial court denied a motion to suppress photographic identification evidence and in permitting the in-court identifications of defendant by the victim and his brother because it was based on identifications made from a photographic display which was impermissibly suggestive.

After defendant had been arrested and had admitted committing a sexual act with the victim, a photographic display including defendant was shown to the 11-year-old victim and his 13-year-old brother who both identified defendant. In a pretrial suppression hearing, a police officer testified as to the photographic identifications and the court denied the motion to suppress. This evidence of the photographic identifications was not presented during the trial. At trial both boys identified defendant based on their having seen him for a considerable period of time at the scene of the offense, the victim also having seen defendant at the same location some days previous to the offense. Neither witness said his identification was based on the photographic identification nor were they even asked if their identifications were. Thus, even assuming that the photo display was impermissibly suggestive, there was no evidence that the in-court identifications were in any way influenced by it.

Moreover, " '[i]n a motion to suppress, the judge is the trier of fact. [Cit.] Credibility and weight, and resolution of conflicts or inconsistencies are matters to be determined by the judge in a motion to suppress. In the absence of evidence of record demanding a finding contrary to the judge's determination, we will not reverse the ruling denying the suppression. [Cit.] The evidence was sufficient to show that this line-up was not impermissibly suggestive. [Cits.]' [Cit.]" *Arnold v. State,* 155 Ga. App. 569 (1), 570 (271 SE2d 702).

Since there is no showing that the in-court identifications were influenced by the photo identifications and the evidence is sufficient to support the trial court's finding that the display was not impermissibly suggestive, there is no merit in this assertion.

2. A police officer testified that defendant was first identified by a confidential informant. The defense was prohibited from questioning the witness concerning the identity or other particulars about the informant, which is alleged as error. Because the defense did not know of the existence of the informant until the Jackson-Denno hearing held two days before the trial, it is claimed that there was not sufficient time to set up a hearing to determine if the informant was more than a mere tipster and whether the informer could give testimony helpful to the defense.

The victim's testimony was that no one other than defendant was involved in the offense. The officer who received the information from the informant testified that he contacted three informants, gave them a description of the man they were looking for, and that one of the informants gave defendant's name as a person who matched the description. Based on the circumstances of the case, the court correctly ruled that since the informant could only be a tipster his identity need not be revealed. The court's ruling concerning the informant also gave the defendant the hearing he claims he wanted.

The principal argument of defendant is that he was not given enough time to prepare after discovering that the informant existed. However, we find no request for a continuance for this reason. "[I]t is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. [Cits.]" *Jefferson v. State,* 157 Ga. App. 324, 326 (2) (277 SE2d 317).

3. The general grounds are enumerated. We find the evidence amply sufficient to authorize any rational fact finder to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

Decided January 4, 1983.

*David C. Keever,* for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.