## 66233. HARPER v. THE STATE.

QUILLIAN, Presiding Judge.

From his conviction for armed robbery the defendant appeals. *Held:*

1. Error is asserted on the failure of the trial judge to order separate trials for the defendant and for his coindictee and alleged coparticipant in the robbery.

Under the circumstances here the motion for severance was addressed to the sound legal discretion of the trial judge. OCGA § 17-8-4 (Code Ann. § 27-2101). Our Supreme Court has enunciated three principal considerations for the trial judge in exercising its discretion. *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856); *Jones v. State,* 243 Ga. 584, 586 (4) (255 SE2d 702). However, as held in *Cain v. State,* 235 Ga. 128, 129, supra: ". . . the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal . . . He must make a clear showing of prejudice and a consequent denial of due process." (Citations omitted.) This is the paramount factor to be determined.

Under the facts here, we decline to disturb the trial judge's ruling in denying severance since there is no showing that the defendant suffered such prejudice as to amount to a denial of due process. *Smith v. State,* 154 Ga. App. 258, 259 (3) (267 SE2d 863).

2. The defendant's enumeration of error on the failure to grant a continuance is intertwined with the assertion that he did not obtain full disclosure through his Brady motion. (373 U.S. 83 (83 SC 1194, 10 LE2d 215)).

This court and the Supreme Court have reiterated that one asserting a Brady violation bears the burden of showing prejudice to his case resulting from the failure of the prosecution to turn over documents or evidence. *Tribble v. State,* 248 Ga. 274, 275 (280 SE2d

352); *Reed v. State,* 249 Ga. 52, 56 (287 SE2d 205). See *Barnes v. State,* 157 Ga. App. 582 (2) (277 SE2d 916); *Kemp v. State,* 158 Ga. App. 570, 572 (3) (281 SE2d 315); *Gross v. State,* 161 Ga. App. 489, 490 (2) (288 SE2d 733).

Here the trial judge noted that the defense had available the name of the witness whose report the defendant contended he needed additional time to investigate. The state notified the defendant promptly upon receiving the report which, incidentally, was not utilized. Furthermore, an examination of the report indicates that any findings were inconclusive.

There was no violation of Brady principles and no error in refusing the request for a continuance.

3. The defendant fails to show harm in what is alleged to be an impermissibly suggestive identification procedure with regard to his codefendant.

4. As counsel for defendant, in effect, concedes, his contention concerning the defendant's right to open and close argument is controlled adversely to such contention by *Yeomans v. State,* 229 Ga. 488, 491 (4) (192 SE2d 362). Therein it was held that the general rule is the right to open and close argument to the jury belongs to the prosecution and Georgia's statute to that effect (now OCGA § 17-8-71 (Code Ann. § 27-2201)) is constitutional. Accord, *Joseph v. State,* 149 Ga. App. 296 (3) (254 SE2d 383).

5. The evidence authorized a rational jury to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

6. Any remaining enumerations of error are without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 2, 1983.

*C. Arthur Moss, Jr.,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.