## 69649. KELLY v. THE STATE.
(330 SE2d 165)

BENHAM, Judge.

Appellant was found guilty of armed robbery and now appeals. In addition to questioning the sufficiency of the evidence and the admission of identification testimony, appellant contends that he did not receive a complete trial transcript and that a portion of the jury charge was erroneous.

1. The victim of the armed robbery positively identified appellant as the shorter of two men who entered his Savannah motel room and threatened him if he did not cooperate. The witness testified that appellant's companion brandished a firearm. Fearing for his life, the victim locked himself in the bathroom. When he emerged, a camera, an electric razor, a pocket calculator, a hair dryer, a watch, and his wallet containing $400 were missing. A detective testified that he presented a photographic display to the victim approximately five to six weeks after the incident, and that the victim, without hesitation, chose appellant's photograph as depicting one of the perpetrators. There was sufficient evidence to enable a rational trier of fact to find appellant guilty of armed robbery beyond a reasonable doubt. OCGA § 16-8-40; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts as error the denial of his pretrial motion to suppress the identification testimony of the victim. " ' "(C)onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as

to give rise to a very substantial likelihood of irreparable misidentification." [Cits.]' " *Newkirk v. State,* 155 Ga. App. 470 (2) (270 SE2d 917) (1980). The trial court held a pretrial hearing on the motion and, "[i]n the absence of evidence of record demanding a finding contrary to the judge's determination, we will not reverse the ruling denying the suppression. The evidence was sufficient to show that this [photo spread] was not impermissibly suggestive. [Cit.]" *Woods v. State,* 165 Ga. App. 39 (1) (299 SE2d 97) (1983).

3. Appellant argues that he was deprived of his state and federal constitutionally guaranteed rights to due process of law because he did not receive a complete transcript. A portion of the voir dire is missing because, according to the court reporter's note, the tape broke. In addition, phrases seem to be missing from several places in the transcript.

"Although [appellant] makes a general assertion that he was prejudiced by the missing portions of [the] transcript, he fails to show how he was harmed or to raise any issue which this Court is unable to adequately review because of skips in the record . . . [Appellant] does not object to the conduct of voir dire, but only to its omission from the record. Such an omission cannot be reversible error absent an allegation of harm resulting from the deletion. [Cit.] This enumeration has no merit." *Smith v. State,* 251 Ga. 229 (2) (304 SE2d 716) (1983).

4. Appellant next takes exception to the content of a portion of the trial court's instructions to the jury. Before addressing the merits of appellant's enumeration, we must first determine whether or not appellant waived any objection to the trial court's charge. When asked if there were any objections to the charge as given or additional requests to charge, counsel for appellant replied, "Not at this time, Your Honor." "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State,* 234 Ga. 465 (216 SE2d 324) (1975), . . . of reserving the right to object on motion for new trial or on appeal." *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855) (1980). "[T]he mere insertion of the caveat 'at this time' is a far cry from a reservation of objections to a later time, a standard set forth in *Gaither v. State,* [supra]." *Butler v. State,* 173 Ga. App. 168 (325 SE2d 835) (1984).

In the absence of a reservation in response to a direct inquiry by the trial court, appellant has waived the objection he now makes. *Jackson v. State,* supra.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 1, 1985.

*G. Terry Jackson,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.