A08A0410. YOUNG v. THE STATE.
(662 SE2d 258)

MILLER, Judge.

Following a bench trial, Jeffrey A. Young was convicted of one count of simple battery. Young appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence. Discerning no error, we affirm.

On appeal from a criminal conviction,

> we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted.) *Davis v. State*, 272 Ga. App. 33 (611 SE2d 710) (2005).

Viewed in the light most favorable to the trial court's verdict, the evidence shows that the victim orally agreed to allow Young to reside in her residence to assist him through a period of homelessness, paying what he could as rent. The victim's residence was for sale throughout the time Young occupied the residence, and, for that reason, a realtor's lock box had been placed on the front door thereof to make it accessible to realtors while Young resided therein.

Desiring to change realtors, the victim visited the residence at approximately 6:00 p.m., on May 23, 2006. The victim met Young in the driveway, got his agreement to allow her college-age daughter to store her furniture in the sunroom, and informed him that she planned to return at 8:00 p.m. with a new realtor. Upon her return, the victim found a note on the front door instructing her, "[D]o not come in or I will call the sheriff." Notwithstanding the note, the victim opened the garage, knocked on the kitchen door which opened therein, and when no one answered, entered the residence using her key. Inside the home, the victim found Young highly intoxicated and saw a handgun on the kitchen counter. When Young threatened her saying, "You know I've got a gun[,]" the victim exited the kitchen and descended the small stairway into the garage. Wanting the last word, however, the victim went back up the steps to the kitchen door. As she stepped through the threshold to the kitchen, however, Young slammed the door shut, knocking her down the steps and injuring her wrist and twisting her ankle.

Young argues that as a tenant in possession, he had a right to use reasonable force to prevent the victim from reentering the residence against his will. See *Goerndt v. State*, 144 Ga. App. 93 (3) (240 SE2d 711) (1977) (where right of reentry not contained in the rental agreement of the parties, tenant in possession may use reasonably necessary force to prevent landlord's entry). While there here is no written right of reentry, such a right is nonetheless apparent in the circumstances of this case.

Specifically, the record shows that notwithstanding the absence of an express rental agreement reserving a right of reentry in the

landlord, Young's tenancy had always been subject to the right of realtors to enter the residence. The victim sought to enter the residence upon two hours notice only to show the property to her new realtor. Under these circumstances, the landlord was within her rights to enter the premises.

Even were it otherwise, because Young might simply have denied the victim reentry by warning her not to proceed further and closing the door, his use of force in this case clearly exceeded that which would have been permissible had there been no right of reentry. OCGA § 16-3-23 ("A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into . . . a habitation."); compare *Goerndt*, supra, 144 Ga. App. at 94 (4).

Given the foregoing, the trial court, sitting alone as a rational trier of fact, could have found Young guilty beyond a reasonable doubt of simple battery. OCGA § 16-5-23 (a) (2) ("A person commits the offense of simple battery when he or she . . . [i]ntentionally causes physical harm to another."); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Davis*, supra, 272 Ga. App. at 33.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 9, 2008.

*Paul S. Liston*, for appellant.

*Jamie K. Inagawa, Solicitor-General, Alisha B. Thompson, Assistant Solicitor-General*, for appellee.