### A11A0018. KENNY v. THE STATE.
(710 SE2d 605)

DOYLE, Judge.

Thomas Kenny was convicted of aggravated assault[1] following a bench trial. He challenges the sufficiency of the evidence in this out-of-time appeal. We affirm, for reasons that follow.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or assess witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

So viewed, the evidence shows that on May 22, 2007, at approximately 10:15 p.m., Jason Mohon and Jody Cook went to Kenny's home to repossess his vehicle, a Kia minivan. Mohon and Cook were in a large tow truck, which had lights mounted on the top, bore the name of the towing company, had a "stinger" on the back that was used to raise and tow vehicles, and had controls for the stinger inside the truck. Once they arrived at Kenny's address, Mohon exited the wrecker and verified the vehicle identification number on the minivan. Cook then put the tow truck in reverse and began backing it toward the minivan, at which time a woman yelled, " 'repo man' " and then ran away.

As Cook continued to reverse the tow truck, several people, including Kenny, converged on the scene, and Mohon announced, "We're here for the repossession on this vehicle for CNAC." Kenny, who was in "a frenzy," reached into the tow truck and grabbed Cook by the throat. Cook repeated that he was there to repossess the van, but Kenny placed a knife blade against Cook's throat, dragged him out of the tow truck, "slam[med]" him "around a little bit," and told Cook that he would kill him if Cook did not "drop the vehicle." Cook told Kenny that he could not release the minivan from outside the tow truck, and Kenny told him that he "better make it happen." Cook then instructed Mohon to drop the minivan, and Mohon

---

[1] OCGA § 16-5-21 (a) (2).

[2] (Punctuation omitted.) *Young v. State*, 291 Ga. App. 460, 461 (662 SE2d 258) (2008).

complied. Kenny still refused to release Cook, continuing to hold the knife to his throat, even after a woman approached and encouraged Kenny to let Cook go. Kenny finally released Cook when he heard police sirens approaching.

Kenny's wife, Maria Kenny, testified that she and Kenny bought the minivan in March 2007, and that the vehicle had repeated problems after their purchase. According to Maria, she and Kenny decided to return the car, but they continued to make payments on the vehicle, including a payment on May 7, 2007, and they had not yet made arrangements to return it. Maria further testified that she and Kenny were in bed on May 22, 2007, when they heard a neighbor pounding on their door and repeating, "Somebody taking your car." Maria followed Kenny outside, where he "had the person up . . . [a]nd me and the neighbor was trying to separate him"; Kenny repeatedly instructed the man to "[p]ut the car down." Maria denied that Kenny had a knife.

At trial, the trial court admitted a knife into evidence, which the defense stipulated was found inside "the truck" and "was the knife [Kenny] used to defend his property that night." The trial court also admitted a photograph of Cook's neck depicting a mark on his throat. Finally, the State stipulated that the Kennys made the payments on the minivan.[3]

During the trial, the defense argued that Kenny's actions were justified because he was defending his property. At the conclusion of the evidence and closing arguments, the trial court found Kenny guilty of aggravated assault, stating:

> I find that as a trier of fact, the defendant's actions that night were not justified in that what he knew, did he reasonably believe that he had to put a knife to the throat of the other gentleman, that that was reasonably necessary because the other gentleman, the other — the tow truck driver, who was there for the purpose of committing a felony in that his force was necessary to prevent that felony? I think based under all the circumstances, I find and believe that the evidence does prove beyond a reasonable doubt that, in fact, he committed an aggravated assault.

On appeal, Kenny challenges the sufficiency of the evidence, arguing that his use of force against Cook was made in defense of his

---

[3] When the defense introduced copies of the Kennys' bank statements, the trial court asked the prosecutor if "[t]he State would agree and stipulate that payments had been made." The prosecutor replied, "That's my understanding is that a payment was made."

habitation and authorized under OCGA § 16-3-23, which provides:

> A person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation; however, such person is justified in the use of force which is intended or likely to cause death or great bodily harm only if:
>> (1) The entry is made or attempted in a violent and tumultuous manner and he or she reasonably believes that the entry is attempted or made for the purpose of assaulting or offering personal violence to any person dwelling or being therein and that such force is necessary to prevent the assault or offer of personal violence;
>> (2) That force is used against another person who is not a member of the family or household and who unlawfully and forcibly enters or has unlawfully and forcibly entered the residence and the person using such force knew or had reason to believe that an unlawful and forcible entry occurred; or
>> (3) The person using such force reasonably believes that the entry is made or attempted for the purpose of committing a felony therein and that such force is necessary to prevent the commission of the felony.[4]

The term "habitation" includes "a motor vehicle."[5]

Pretermitting whether Mohon's and Cook's attempted repossession of Kenny's minivan was authorized, the trial court was authorized to conclude, as it did here, that Kenny's actions, including holding a knife to Cook's throat, were not necessary to prevent a

---

[4] OCGA § 16-3-24.2 provides that "[a] person who uses threats or force in accordance with Code Section . . . 16-3-23 . . . shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 or 3 of Article 4 of Chapter 11 of this title." We note that a trial court is required to make a pretrial determination of whether a defendant is entitled to immunity from prosecution under OCGA § 16-3-24.2. See *Fair v. State*, 284 Ga. 165, 165-166 (1) (664 SE2d 227) (2008); *Lightning v. State*, 297 Ga. App. 54, 56 (1) (676 SE2d 780) (2009). Here, it does not appear that Kenny filed a pretrial motion to dismiss the indictment based on immunity. Because, however, the trial court held a bench trial and because the State does not raise this issue, we decline to address it.

[5] See OCGA § 16-3-24.1.

felony and that the evidence supported Kenny's conviction for aggravated assault.[6]

*Judgment affirmed. Miller, P. J., concurs. Ellington, C. J., concurs in judgment only.*

DECIDED APRIL 21, 2011.

*Mary Erickson*, for appellant.

*Daniel J. Porter, District Attorney, Frances B. Anderson, Assistant District Attorney*, for appellee.

---

[6] See *Blazer v. State*, 266 Ga. App. 743, 745 (2) (598 SE2d 338) (2004); *Zachery v. State*, 199 Ga. App. 891, 892 (406 SE2d 243) (1991). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-5-21 (a) (2).