## 31477. WILSON v. THE STATE.

HALL, Justice.

Robert Franklin Wilson was convicted of rape, two counts of aggravated sodomy, and armed robbery. He was sentenced to consecutive sentences of 18 years for rape, 12 years for each sodomy count and 20 years for armed robbery. He enumerates as error the trial court's refusal to suppress evidence of the lineup identification.

1. Appellant was arrested on another charge, and only later was suspected of the instant offenses. His contention that he was not advised of his Miranda rights as soon as officers began to suspect him of the instant crimes is without merit. No confession or incriminating statement was elicited from him and none was introduced at trial.

The record shows he was advised of his rights prior to the lineup. He did not have the right to refuse to be in the lineup, nor to have an attorney present at this

pre-indictment lineup. Kirby v. Illinois, 406 U. S. 682, 690 (92 SC 1877, 32 LE2d 411) (1972); *Wimberly v. State,* 233 Ga. 386 (211 SE2d 281) (1974).

2. Neither the lineup itself nor anything required therein violated appellant's Fifth Amendment privilege against self-incrimination since merely exhibiting his person for observation by witnesses involved no compulsion of the accused to give evidence of a testimonial nature against himself which is prohibited by that Amendment. United States v. Wade, 388 U. S. 218 (1967).

3. Appellant contends that he was improperly denied counsel at his lineup and further that the lineup was impermissibly suggestive. We find no error.

This was a pre-indictment lineup. There is no per se exclusionary rule applicable to pre-indictment confrontations; the rule is that they should be scrutinized to determine whether the lineup was "unnecessarily suggestive and conducive to irreparable mistaken identification." Kirby v. Illinois, supra; *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974). Applying the "totality of the circumstances" test of Neil v. Biggers, 409 U. S. 188 (1972), we hold that the evidence set below satisfies the standards required for fair and impartial lineups.

On being informed that he was to participate in a lineup, the appellant advised officials that it would be against his will and demanded that an attorney be present. Over his objections to the lineup, appellant was taken from his cell. At appellant's request, he was handcuffed and taken to the viewing room. Also at his request, the officer placed his hand on appellant's arm, but no other force was involved. He was placed in the lineup and advised of his rights by the assistant district attorney. Of the six people in the lineup, only appellant's hair was mussed. This fact was noticed by the assistant district attorney who suggested that the jailer comb it. Appellant refused to allow his hair to be combed, claiming it would be an assault. He was informed that his appearance might be suggestive, but if he refused to conform he would be waiving the right to challenge the lineup because of his appearance. Appellant responded that he would make no further response because it would be self-incriminating. Appellant was informed that he

could select any number he desired, but this he refused to do. He was assigned number six. He was informed that he could stand wherever in the lineup he chose; since he also refused to do this, he was left standing in the sixth position. Appellant was asked if he would like to have his handcuffs removed; he replied that if this were done he would probably go back to his cell since he did not wish to participate in a lineup. Thus, appellant was rehandcuffed behind his back, and the other participants were instructed to place their hands behind their backs to effect a similar appearance.

The six lineup participants were taken to the lineup viewing room and placed in the same order behind a special viewing mirror allowing a one-way view. At this time, the victim and her three children were taken to the lineup, with the victim being first. While she was viewing the lineup, appellant kept his head down and was again instructed to keep it up to avoid suggestiveness. His response to all of these was the same; he refused to comply.

Even with his head down, the victim recognized him. However, she requested that he raise his head; upon his continued refusal to cooperate, an officer present at the lineup was instructed to pull his head up, and this he did. At this point, appellant began making facial gestures and contorting his features, baring his teeth and moving his head from side to side. For the rest of the lineup, his head was held up. The victim and two of the children picked out appellant. When asked how she knew appellant was the person who committed the offense, the victim at the hearing on the motion to suppress identification evidence said: "I seen him for thirty minutes right there before me and no way I could ever forget him."

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

Submitted September 21, 1976 — Decided September 29, 1976.

*Richard L. Powell,* for appellant.

*George W. Darden, District Attorney, Joseph L. Chambers, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson,* for appellee.