## 56673. MULLINS v. THE STATE.

WEBB, Judge.

Hubert Mullins was tried also for armed robbery in the Superior Court of Whitfield County. The jury returned a verdict of guilty and he appeals. We affirm.

1. The undisputed testimony was that Mullins entered Calfee's Minute Market, pointed a gun at an employee and several customers and obtained $893 from the employee. Failure to charge on robbery by intimidation was not error because the evidence did not demand a charge on that offense. *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973); *Jordan v. State,* 239 Ga. 526, 527 (2) (238 SE2d 69) (1977).

2. Mullins served as his own lead counsel during trial and now complains that he should have been granted a new trial because the judge allowed the district attorney to handle state's Exhibit 1, the pistol used in the robbery, and to demonstrate how it was used, but instructed him not to touch it.

The judge, out of the hearing of the jury, told Mullins that he did not want Mullins to handle the gun: "If anybody needs to handle the gun, let Mrs. Hathcock [one of Mullins' appointed co-counsel] handle the gun." The trial judge has a wide discretion in directing the course and procedure used at trial, and no objection was made at the time to the method used. Therefore this enumeration presents no question for review. *McAllister v. State,* 231 Ga. 368 (1) (202 SE2d 54) (1973) and cits.

3. A statement made to a witness by a co-conspirator during the pendency of the armed robbery was clearly admissible under Code § 38-306. The conspiracy had already been established when this witness testified. Nor was Mullins precluded, as asserted, from cross examining or recalling this witness or the co-conspirator, even though the trial judge did suggest that Mullins ask whatever questions he had at the time the witness was on the stand.

4. The pre-indictment lineup included six individuals who resembled Mullins. Mullins was allowed to choose his place in the lineup. Three of the four individuals present at the robbery made positive

identifications of Mullins independently of each other. The lineup was not "unnecessarily suggestive and conducive to irreparable mistaken identification," and it was not error to admit the identifications in evidence. Neil v. Biggers, 409 U.S. 188, 199 (93 SC 375, 34 LE2d 401) (1972); *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974).

5. There is no right to counsel at pre-indictment identification lineups, and since the evidence satisfies the requirements for fair and impartial lineups, no error appears. *Wilson v. State,* 237 Ga. 657, 658 (3) (229 SE2d 424) (1976).

6. Admission of the testimony of a detective as to the recovery of a stolen automobile used in the escape from the robbery scene and the manner in which it was linked to Mullins was not erroneous. Where evidence is relevant for the purpose of showing flight or the circumstances of arrest, it will not be excluded because it incidentally shows the commission of another crime. *Bixby v. State,* 234 Ga. 812 (1) (218 SE2d 609) (1975). In addition, the court instructed the jury as to the limited use of such testimony in order to explain the officer's course of conduct. Code § 38-302.

7. Questioning of the co-conspirator Shirley Gates raised the inference that her testimony was a recent fabrication to gain favorable treatment by the state. The state later introduced a prior consistent statement for the limited purpose of establishing the credibility of this witness by showing that at the time the prior statement was made there was no promise of reward or favorable treatment.

"Ordinarily, prior extrajudicial statements consistent with a witness' testimony are inadmissible. [Cits.]. But where counsel imputes to the witness an intent to fabricate from some motive, interest or relationship, it may be shown that the witness made a consistent statement at a time when the motive or interest did not exist. [Cits.]" *Crawford v. State,* 139 Ga. App. 347, 350 (3) (228 SE2d 371) (1976).

Although the prior statement included a reference to Mullins' character ("The reason I did this he said he would kill me if I didn't."), Mullins had already raised the issue

of Ms. Gates' fear of him during cross examination and cannot now complain of any prejudice.

8. No error appears in the denial of Mullins' motion to have witnesses brought to the county jail for him to interview. Although he was named "lead counsel" at his own request, he had two members of the bar as assigned counsel who were capable of locating and interviewing any witnesses outside of the jail, and no objection on this ground was made at trial.

9. There being no proper and timely request for a charge that Mullins' failure to testify would create no presumption against him, it was not error to fail to give such a charge. *Horn v. State,* 140 Ga. App. 592, 595 (4) (231 SE2d 414) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED SEPTEMBER 28, 1978.

*Dean Donehoo,* for appellant.
*Charles A. Pannell, Jr., District Attorney, James E. Bethel, Assistant District Attorney,* for appellee.