## 58877. JOHNSON v. THE STATE.

SMITH, Judge.

Appellant contends that an in-court identification of appellant requires a reversal of his conviction because (1) he was not furnished counsel at a pretrial lineup and (2) the lineup was impermissibly suggestive. We affirm.

1. Although the lineup was held subsequent to appellant's arrest, it was nonetheless a preindictment lineup. "There is no constitutional right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972); *Fields v. State,* 232 Ga. 723 (1) (208 SE2d 822) (1974); *Brand v. Wofford,* 230 Ga. 750 (1) (199 SE2d 231) (1973)." *Mitchell v. State,* 236 Ga. 251, 255 (223 SE2d 650) (1976).

2. We cannot accept appellant's contention that the lineup was suggestive. However, even assuming the lineup was suggestive, we find no substantial likelihood of misidentification under the facts and circumstances of this case.

"The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). The testimony in this case establishes that the witness observed the perpetrator at close range for approximately five minutes under good lighting conditions. Although the perpetrator was wearing a light colored stocking over his face, the witness could "tell his facial description through the stocking with no problem." At the time of the robbery, the witness described the perpetrator as approximately 5'3" tall. Appellant is approximately 5'8" tall. Nonetheless, the witness was "absolutely positive" about the identification. A police officer testified that the witness showed no hesitancy in selecting appellant from the six individuals who participated in the lineup. The lineup was held on the day following the robbery.

Under the facts and circumstances of this case, there was no substantial likelihood of misidentification. The trial court did not err in permitting the in-court identification.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED FEBRUARY 11, 1980.

*Thomas E. Greer,* for appellant.

*William F. Lee, Jr.,* District Attorney, *Michael G. Kam, Marc E. Acree,* Assistant District Attorneys, for appellee.