59363. COLEMAN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of burglary. Defendant appeals. Held:

At trial, the state's witnesses included a confessed accomplice of the defendant who testified that he broke into and entered a home while defendant served as a lookout. Prior to eliciting this testimony the state

inquired as to the voluntariness of his testimony. This witness testified that no one had made any promises to him to get him to testify and that he was testifying of his own free will.

At the sentencing hearing for both this defendant and the accomplice, a colloquy developed between the trial court and counsel during which the assistant district attorney remarked in regard to eliciting the accomplice's testimony and to the sentencing of the accomplice that the accomplice came forward, entered his plea, assisted the state and there should be more favorable treatment toward him in assisting the state. The assistant district attorney also stated that no promises had been made to the accomplice and there was no agreement. At no place does it appear in the transcript and record that the state made any recommendation to the court as to what sentence or length of sentence should be imposed upon the defendant or the accomplice. Furthermore, it appears that the trial court imposed a five-year sentence (two years to serve and the remaining three years on probation) upon the defendant and also upon the accomplice.

Defense counsel, both prior to and following the assistant district attorney's remarks, made several comments as to the fairness of the district attorney's office in recommending favorable treatment to criminal defendants who had assisted the state in the prosecution of cases in which they were involved. At no time, however, did the defense counsel make any motion for mistrial in the light of this or any other remark by the assistant district attorney nor was any objection made to the accomplice's testimony upon the trial of the case. No issue having been raised or submitted for ruling by the trial court, there is nothing for consideration on appeal. *Painter v. State,* 237 Ga. 30, 33 (226 SE2d 578); *Tyler v. State,* 147 Ga. App. 394, 395 (249 SE2d 109).

Certainly it would be incredulous to suggest that a criminal defendant faced with conviction and punishment will not recognize that an implication inherently exists that if he cooperates with the state and aids in the prosecution that he might receive some support as a result of his cooperation. This belief most certainly exists without regard to whether it is encouraged.

Conduct which must be disclosed to the jury is the encouragement of this belief as such conduct is viewed as strongly affecting the credibility of the witness. See in this regard *Price v. State,* 141 Ga. App. 335, 336 (2) (233 SE2d 462); *Fleming v. State,* 236 Ga. 434, 438 (224 SE2d 15); Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104). In this case there is no evidence of any promises to the accomplice by the prosecution and no non-disclosure in violation of the requirements of due process.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED MARCH 13, 1980.

*Enoch Overby,* for appellant.
*Charles Crawford, District Attorney,* for appellee.