## 62655. COLEMAN v. THE STATE.

BANKE, Judge.

Reginald Coleman appeals his conviction of armed robbery, enumerating as error the failure of the state to provide counsel at his pre-indictment lineup. *Held:*

1. "In United States v. Wade, 388 U. S. 218, and Gilbert v. California, 388 U. S. 263, [the United States Supreme Court] held 'that a post-indictment pre-trial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth [and Fourteenth] Amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup.' Gilbert v. California . . ." Kirby v. Illinois, 406 U. S. 682, 683 (92 SC 1877, 32 LE2d 411) (1971). However,

the right to counsel attaches only to corporeal identifications taking place "at or after the initiation of adversary judicial criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Kirby v. Illinois, supra, at 689. See also Moore v. Illinois, 434 U. S. 220 (98 SC 458, 54 LE2d 424) (1977). The lineup in this case took place 10 days prior to the defendant's indictment and was prior to the initiation of any adversary judicial proceeding. This enumeration of error is without merit.

2. The defendant also argues that the lineup was unnecessarily suggestive and conducive to irreparable mistaken identification. The evidence before us in the record satisfies us that the standards required for fair and impartial lineups were met. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); Wilson v. State, 237 Ga. 657 (1, 2, 3) (229 SE2d 424) (1976).

3. The trial court made its ruling on the right-to-counsel issue discussed above during a pre-trial hearing. Subsequently, in the presence of the jury, defendant's counsel attempted to again pursue the issue during cross examination of a state's witness. The defendant complains of the trial court's interruption of his examination, and the court's instruction to the jurors that such issue was his concern, rather than theirs, and that he had already determined the matter adversely to the defendant. Under the circumstances presented, the action of the trial court was proper. "The trial judge is more than a mere moderator of a debate; he is a minister of justice, whose duty it is to govern the progress of the trial and, where possible, to prevent introduction of redundant or inadmissible matters." Haas v. State, 146 Ga. App. 729, 732 (247 SE2d 507) (1978). The ruling in question was one properly within the province of the trial court. This enumeration of error is without merit.

4. The doctor who treated the victim for a bullet wound to the neck was asked by the state's attorney whether the victim was "lucky." The question was withdrawn and never answered. The trial court's denial of a motion for mistrial is enumerated as error. Assuming arguendo that the question was improper, there is no cause for reversal. The previous testimony of the doctor received without objection made it clear beyond doubt that the victim had narrowly escaped death or more serious injury.

5. In a rather involved enumeration of error, the defendant complains that he was denied the right to cross examine a state's witness concerning drug charges pending against him. "The rule is that '[a] witness cannot be discredited even by his own testimony that he has been convicted of an offense involving moral turpitude; it is necessary to introduce an authenticated copy of the record of the

court in which he was convicted.' [Cits.]" *Rolland v. State,* 235 Ga. 808, 811 (221 SE2d 582) (1976). In the case before us, the alleged charges were untried. Obviously, the matter was not proper impeachment material. Apparently conceding this, the defendant argues that the inquiry was relevant to show that the witness would not be tried on the pending charges in return for his testimony. The prosecutor stated on the record that there were no deals or negotiations with the witness. There is no evidence otherwise to suggest the contrary. This enumeration of error is without merit. Compare *Potts v. State,* 241 Ga. 67 (2) (243 SE2d 510) (1978); *Coleman v. State,* 153 Ga. App. 888 (267 SE2d 304) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 23, 1981.

Tommy Chason, Lawrence L. Washburn III, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Candiss L. Howard, Assistant District Attorneys, for appellee.