## 62774. KELLEY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offense of burglary. His motion for new trial, as amended, was duly filed and overruled. Defendant appeals. *Held:*

1. The state's evidence established by the victim was that her home had been burglarized by a break-in through the back door, and silver, a television set, camera equipment, jewelry and other items were missing. An investigating officer, after the arrest of another, obtained a written statement implicating this defendant, who was

then arrested. This defendant then made certain oral admissions concerning the burglary, and after a Jackson v. Denno hearing, the testimony of this investigating officer and another detective was allowed in evidence as to the involvement of this defendant in the burglary for which he is here charged.

In consideration of the general grounds of the motion for new trial the admissions of the defendant, as well as the other evidence establishing the burglary were sufficient to support the verdict of guilty, and we find that a rational trier of fact could reasonably have found from this evidence proof of guilt of the defendant beyond a reasonable doubt. *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Stinson v. State,* 244 Ga. 219, 222 (4) (259 SE2d 471); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916). The trial court did not err in denying the motion for new trial based on the general grounds, hence the first enumeration of error is not meritorious.

2. During the examination of the victim-witness with reference to the silverware stolen she testified that it was very hard to replace, being gifts to her during her lifetime and baby silver, as well as other silver purchased since her marriage accumulated over 31 years and valued at $17,075. Defense counsel objected that he "would question the relevance" of this testimony and also that no proper foundation had been laid for the witness to testify as to the replacement value of the silverware. The trial court did not err in overruling the objections. Neither objection is sufficient to preserve the issue for review both being too general ("the relevance of that" and "no proper foundation has been laid"). See in this connection *Newman v. State,* 239 Ga. 329, 330 (236 SE2d 673). As to the intent to commit the crime see *Ealey v. State,* 139 Ga. App. 604, 606 (2) (229 SE2d 86); and *Parrish v. State,* 141 Ga. App. 631 (1) (234 SE2d 174). Compare *Mack v. Ricketts,* 236 Ga. 86, 87 (222 SE2d 337), as to the amount or value of property stolen. Further, an owner of property may testify as to his opinion of its value so long as he gives his reasons therefor or his basis for forming an opinion as to its value. See *Yarber v. State,* 144 Ga. App. 781 (242 SE2d 372). It is clear that the foundation for the witness to testify as to value was established here. The trial court did not err in overruling defendant's objection as to value.

3. The trial court did not err in admitting the defendant's oral admissions contained in the testimony of the investigating officer after the trial court as the trier of fact outside the presence of the jury determined the voluntariness of the defendant's admissions as required by Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). See Code § 38-411; *Trask v. State,* 132 Ga. App. 645, 647-648 (7) (208 SE2d 591); *High v. State,* 233 Ga. 153 (1) (210 SE2d 673).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 10, 1981.

*Robert M. Coker,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Wallace Speed, H. Allen Moye, Assistant District Attorneys,* for appellee.