Charles S. Motz, *pro se.*

63040. DAVIS v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of two counts of burglary. He now appeals from the judgment entered on the verdict and from the denial of his motion for new trial. Finding no error, we affirm.

1. In his first enumeration of error, appellant criticizes the trial court's denial of his motion to direct a verdict of acquittal, which motion was based upon an allegedly fatal variance between the allegata and the probata. The indictment charged that appellant entered a certain commercial building without authority and with intent to commit a theft, "said entry having been gained through a window on the North side of said building." No evidence as to how appellant gained entry to the building was presented at trial.

"Under the test adopted in *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) (1969), a variance is not fatal unless it fails to definitely inform the defendant of the charges against him or leaves the defendant open to a subsequent prosecution for that offense. We do not believe that the variance in this case misled the appellant as to the charge[s] against him or subjected him to another prosecution for the same offense[s]." *Lewis v. State,* 149 Ga. App. 181 (3) (254 SE2d 142). The trial court's denial of the motion for a directed verdict was not error.

2. Appellant next maintains that the trial court should have granted a mistrial because of improper comments allegedly made by the district attorney in his closing argument. Appellant contends that the district attorney's closing remarks contained comments on appellant's failure to testify, comments forbidden by Code Ann. § 27-405. Our review of the trial transcript leads us to a different conclusion. "We have specifically held that the prosecutor's reference, in arguing the law on recent possession of stolen property, to the failure of the defense to offer evidence in explanation of the defendant's recent possession, does not constitute an impermissible comment on the defendant's failure to testify. [Cits.]" *Valenzuela v. State,* 157 Ga. App. 247 (3) (277 SE2d 56). No error was committed by the denial of the motion for mistrial.

3. Lastly, appellant states that the trial court should have instructed the jury sua sponte that no adverse inference could be drawn from the defendant's failure to testify. Appellant defends his failure to submit a written request to charge on the ground that the

charge did not become necessary until after the district attorney's closing argument, well beyond the deadline for timely submission of a written request to charge. See Code Ann. § 70-207 (b); *Curtis v. State,* 224 Ga. 870 (9) (165 SE2d 150). While we agree that had a request been properly made the evidence authorized such a charge, we cannot agree that the failure to give the charge sua sponte was error. *Truitt v. State,* 158 Ga. App. 337 (280 SE2d 384); *Mullins v. State,* 147 Ga. App. 337 (9) (248 SE2d 706).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED FEBRUARY 19, 1982.

*Preston B. Lewis, Jr.,* for appellant.

*Sam B. Sibley, Jr., District Attorney, W. Leon Barfield, Assistant District Attorney,* for appellee.