## 64539. FUDGE v. THE STATE.

CARLEY, Judge.

Appellant was tried and found guilty by a jury of the offense of armed robbery. He appeals his conviction and sentence of life imprisonment.

1. Appellant contends that his motion for new trial on the general grounds was erroneously denied. The evidence presented by the state discloses that on September 29, 1981, a Kentucky Fried Chicken Store located at 2000 Howell Mill Road in Atlanta was robbed. A police lookout for the automobile involved in the robbery was broadcast and an officer on routine patrol saw the suspected vehicle at a nearby gas station. One man was inside the car and appellant was outside pumping gas. This officer stopped to investigate and, at trial, testified that the station attendant came over to him, told him the men had a pistol and had threatened to blow her head off. The officer then called for help, drew his weapon and arrested the two men, handcuffing, searching and placing them in separate patrol cars when reinforcements arrived. Making a visual search of the suspected automobile, police observed a large quantity of cash in the open glove compartment and a Kentucky Fried Chicken

coupon. Further observation through the front windshield revealed the butt of a revolver protruding from under the seat on the passenger side. Both appellant and his companion were charged with armed robbery and were tried together.

A detective testified that he investigated the robbery and had questioned both appellant and the co-defendant, Willie Mitchell. At first both men denied any knowledge of the robbery. Later at the police station, however, appellant admitted his participation in the crime but exonerated Mitchell. Appellant's statement was not reduced to writing and he moved to suppress any testimony which related to it. A Jackson-Denno hearing was held and appellant testified that his oral statement was induced by the detective's promise to release appellant's automobile if he made a statement. The motion to suppress was denied and testimony concerning appellant's statement was presented to the jury. At a pre-trial lineup and at trial, identifications of both appellant and the co-defendant were made by the victims. No evidence was presented by either appellant or the co-defendant.

"The evidence related above is more than sufficient to support the verdict . . . Further, the weight of the evidence and credibility of witnesses are questions for the triers of fact. [Cit.] We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Walker v. State,* 162 Ga. App. 173 (290 SE2d 502) (1982). Accord, *Hamilton v. State,* 162 Ga. App. 116 (290 SE2d 478) (1982); *Smith v. State,* 160 Ga. App. 574 (287 SE2d 622) (1981).

2. Appellant contends that the trial court abused its discretion in failing to grant his motion to sever his trial from that of his co-defendant because their defenses were antagonistic. However, neither defendant offered any evidence and the state's evidence against the two men was the same, the only difference being that the appellant confessed and, in his statement, exonerated Mitchell. The defenses were not antagonistic and no abuse of discretion has been shown. See *Martin v. State,* 162 Ga. App. 703 (2) (292 SE2d 864) (1982); *Johnson v. State,* 159 Ga. App. 109 (2) (282 SE2d 645) (1981).

3. Appellant asserts that his rights were violated because he did not have an attorney present at a pre-indictment lineup, even though he had requested one. " 'There is no constitutional right to counsel at a pre-indictment lineup. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972). [Cits.]' " *Johnson v. State,* 153 Ga. App. 398 (1) (265 SE2d 331) (1980). Accord, *Coleman v. State,* 160 Ga. App. 158 (1) (286 SE2d 494) (1981). The trial court conducted a hearing outside the presence of the jury and determined that the out-of-court

confrontation was not impermissibly suggestive, nor was there a substantial likelihood that irreparable misidentification occurred. The lineup photograph shows that the seven men presented in the lineup for possible identification by the victims were physically similar. "The evidence before us in the record satisfies us that the standards required for fair and impartial lineups were met. See Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Wilson v. State,* 237 Ga. 657 (1, 2, 3) (229 SE2d 424) (1976)." *Coleman v. State,* 160 Ga. App. 158, 159 (2), supra. Compare *Belcher v. State,* 159 Ga. App. 146 (1) (282 SE2d 760) (1981).

4. During the trial, a juror informed the court that he lived "fairly close to that particular fried chicken store, and I believe I have seen one of the defendants in the store. I am not sure if it was that night or not, but I had seen him in there." The jury was then removed from the courtroom and counsel for appellant moved for mistrial. After a colloquy with counsel, the court denied the motion but advised the jury on its return that the case was to be tried only on the evidence that was presented before them and not upon any recollections they might or might not have. The jury was also instructed "to completely erase any memory of having seen either of these parties before at any location or at this particular location in question and any date or the date in question or at any prior time."

"The motion for mistrial was properly overruled ... '[U]nder the Sixth Amendment, in order for an appellant to establish the denial of his right to an impartial jury, he must show either (a) *actual* juror partiality or (b) circumstances *inherently prejudicial* to that right. [Cits.]' [Cit.] There has been no showing here of any factor which would have precluded this juror from determining appellant's guilt or innocence solely on the evidence presented at trial." *Jones v. State,* 157 Ga. App. 163, 164 (2) (276 SE2d 674) (1981). See also *Hughes v. State,* 161 Ga. App. 824 (3) (288 SE2d 916) (1982). "In view of the prompt and thorough corrective action taken by the trial court and in the absence of a remark so flagrantly prejudicial as to violate appellant's right to a fair trial, we find no abuse of discretion and, therefore, no error in the refusal to grant a mistrial." *Waddell v. State,* 160 Ga. App. 743, 746 (3) (288 SE2d 90) (1981). See also *Brown v. State,* 162 Ga. App. 198 (3) (290 SE2d 540) (1982); *Watson v. State,* 162 Ga. App. 170 (290 SE2d 500) (1982); *Tookes v. State,* 159 Ga. App. 423 (9) (283 SE2d 642) (1981).

5. Appellant insists that his incriminating statement was not freely and voluntarily given because it was induced by the hope of reward. At the Jackson-Denno hearing, the detective to whom appellant confessed testified that appellant had given his oral statement after being fully advised of his rights, but had refused to

make a written statement unless the police first furnished him with an agreement in writing to release the vehicle involved in the crime to his girl friend. The detective refused to accede to appellant's condition for a written statement. Appellant, on the other hand, testified he had orally admitted participating in the crime only to have the car released from impoundment. Upon this evidence the trial court determined that appellant's oral confession was freely and voluntarily made.

"Where the evidence presented by the state and the defendant is conflicting, the factual determinations of the trial court must be accepted by the appellate court unless the findings are shown to be clearly erroneous. [Cit.] Appellant has made no such showing." *Carter v. State,* 160 Ga. App. 299 (1) (287 SE2d 313) (1981). "The trial court did not err in admitting the defendant's oral admissions contained in the testimony of the investigating officer after the trial court as the trier of fact outside the presence of the jury determined the voluntariness of the defendant's admissions as required by Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). See Code Ann. § 38-411 [Cits.]" *Kelley v. State,* 160 Ga. App. 343, 344 (3) (287 SE2d 68) (1981).

6. It is asserted that counsel for co-defendant Mitchell introduced appellant's character in evidence by asking a detective on cross-examination whether appellant was the only person charged with threatening the attendant at the gas station with a gun. Appellant's attorney objected and the trial court immediately cautioned the jury to "disregard the last question. It was improper. Counsel knew it was improper when she asked it. You are to disregard it. You are only to try one issue and that is the issue under indictment. You are not to speculate or conjecture as to anything else or anything outside the evidence that the Court permits." Assuming that this question involved appellant's conduct in a transaction other than the robbery for which he was being tried and that it would tend improperly to place his character into evidence, the curative directions given were certainly complete and sufficient. " '[W]here proper instructions are given to disregard . . . references to past arrest or convictions, it is not error to overrule the motion for mistrial.' [Cits.]" *Baker v. State,* 245 Ga. 657, 663 (4) (266 SE2d 477) (1980). Accord, *Dempsey v. State,* 162 Ga. App. 390 (3) (291 SE2d 449) (1982).

7. Appellant contests as burden-shifting the trial court's instruction to the jury that "[t]he defendants' pleas of not guilty are not evidence of their innocence." In *Horne v. State,* 155 Ga. App. 851, 855 (6) (273 SE2d 193) (1980) this court ruled with regard to an almost identical instruction: "We do not find that the charge taken as

a whole is either misleading or constitutes an impermissible comment on the guilt or innocence of the defendant. [Cit.] It might, however, have been preferable for the trial court to use the charge from the Judicial Council's Suggested Criminal Instructions which simply states: 'The defendant has entered a plea of not guilty thereby denying each and every essential element as stated in the indictment. Neither the indictment nor the plea of not guilty is evidence and is not to be considered by you as evidence. The indictment and the plea of not guilty form the issue which you are to determine.' "

We find no error for any reason assigned.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 15, 1982.

*Louise T. Hornsby,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.