70872. DAVIS v. THE STATE.
(337 SE2d 431)

BEASLEY, Judge.

Defendant was convicted of armed robbery. On appeal he asserts as reversible error the denial of his motion to suppress evidence of a pre-trial lineup because he was not warned of his federal constitutional right to have counsel present.

The right to counsel under the United States Constitution Sixth Amendment attaches "only at or after the time that adversary judicial [criminal] proceedings have been initiated against him [defendant]." *Kirby v. Illinois*, 406 U. S. 682, 688 (92 SC 1877, 32 LE2d 411)

(1972). There is no right to counsel at a pre-indictment lineup, even when held subsequent to an arrest, because the adversary judicial criminal proceedings have not yet begun. *Kirby,* supra; *Johnson v. State,* 153 Ga. App. 398 (1) (265 SE2d 331) (1980).

The state argues that the lineup was held prior to the indictment so that defendant had no right to counsel. The defendant, on the other hand, argues that the adversarial proceedings had begun, entitling him to counsel, yet he does not specify when he contends they began or whether the indictment preceded the lineup. The record indicates that the lineup was held at about 5:45 p.m. of the *same* day that the grand jury returned the indictment. There is no indication of the time of the return, leaving inconclusive whether the lineup was pre-indictment or post-indictment. Even if the adversary judicial proceedings have begun, reversal would not necessarily follow.

In this case, any error in the admission of evidence regarding the pre-trial identification was harmless. An in-court identification was made at trial which was not even challenged by defendant. "[N]otwithstanding any illegality in the pre-trial identification procedures, the witness' in-court identification may nevertheless be admitted so long as it has an 'independent origin' from the illegal identification procedure. [Cit.] 'Application of this test . . . requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, . . . and the lapse of time between the alleged act and lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup.' [Cit.]. While an illegality in the pre-trial identification procedure does not automatically prevent the witness from identifying the defendant during the trial, a per se rule of exclusion does apply to evidence of the illegal lineup identification itself. [Cit.]" *Foster v. State,* 156 Ga. App. 672, 673-74 (2) (275 SE2d 745) (1980), citing *United States v. Wade,* 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) (1967).

Assuming the evidence of the lineup identification should have been excluded, there was no harmful error as it was merely cumulative of the independent in-court identification which was supported by other evidence. The witness had ample opportunity to observe the offender at the time of the crime, gave an accurate description of the defendant to the police, identified the defendant at trial with confidence and certainty, and just six days had lapsed between the robbery and the lineup identification. Plus, there was independent circumstantial evidence of identity by way of another witness' testimony as well as the connecting features of the red shirt and white Cadillac.

It is significant, too, that defendant does not allege that the

lineup was conducted in an impermissibly suggestive manner, and the evidence reflects that there were six black males of similar size and build in it.

In order for the conviction to be reversed, harmful error must be shown. *Burnette v. State*, 165 Ga. App. 768 (1) (302 SE2d 621) (1983).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 30, 1985.

*William Rhymer*, for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.