#### 77436. PALMER v. THE STATE.
(377 SE2d 920)

POPE, Judge.

Defendant Kevin Linard Palmer, a seventeen-year-old tried as an adult, appeals his convictions of the offenses of kidnapping and aggravated assault. Prior to defendant's arrest and indictment, the victim and two witnesses identified defendant in a photographic line-up. A police officer then met defendant in the parking lot of the high school he attended and explained to him that the police wanted him to appear in a live line-up. The officer testified that defendant had already been informed he was a suspect in the case. The officer further testified that he informed defendant he did not have to come with him to the line-up and that he could refuse, seek legal counsel and discuss the situation with his parents if he wished. Defendant responded that he did not want his parents to know and he voluntarily participated in the live line-up. The line-up was conducted ten days before defendant was indicted.

Defendant admits the line-up was not unnecessarily suggestive or conducive to mistaken identification. Defendant's sole assertion of error is that evidence concerning the identification at the line-up should not have been admitted because he was seventeen years of age at the time and was not fully advised of his rights to have an attorney present.

The right to counsel at a line-up attaches only when the identification takes place "at or after the initiation of adversary judicial

criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois,* 406 U. S. 682, 689 (92 SC 1877, 32 LE2d 411) (1972). Accord *Fudge v. State,* 164 Ga. App. 392 (3) (297 SE2d 329) (1982); *Coleman v. State,* 160 Ga. App. 158 (1) (286 SE2d 494) (1981). Here, the line-up was conducted prior to the initiation of any adversarial proceedings against defendant. It is uncontested that the officer fully informed defendant of the purpose of the line-up and that he could refuse to participate and could consult with an attorney or his parents. Defendant has presented no evidence or legal authority to persuade us that he was entitled to any further consideration as a result of his age. Under these circumstances, defendant's rights were not violated and testimony concerning the identification at the live line-up was properly admitted.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 23, 1989.

Raymond A. Majors, Jr., for appellant.
Dupont K. Cheney, *District Attorney,* Thomas E. Durden, *Assistant District Attorney,* for appellee.