## A90A1629. JOHNSON v. THE STATE.
(401 SE2d 331)

CARLEY, Judge.

Appellant and a co-defendant were jointly tried before a jury on charges of armed robbery and robbery by intimidation. Although the co-defendant was acquitted of all charges, appellant was found guilty of robbery by intimidation and he appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict.

1. Construed to uphold the verdict, the evidence is not merely sufficient, it is overwhelming. A rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of robbery by intimidation beyond a reasonable doubt. *Williams v. State*, 171 Ga. App. 624 (320 SE2d 546) (1984).

2. "Appellant asserts that his rights were violated because he did not have an attorney present at a pre-indictment lineup, even though he had requested one. ' "There is no constitutional right to counsel at a pre-indictment lineup. [Cits.]" ' [Cits.]" *Fudge v. State*, 164 Ga. App. 392, 393 (3) (297 SE2d 329) (1982). Accordingly, a motion to exclude evidence of both the pre-trial and the in-court identification of appellant on this ground was correctly denied. *Harris v. State*, 168 Ga. App. 159, 160 (1) (308 SE2d 406) (1983). The evidence of record also supports the trial court's determination that the procedures used during the lineup were neither unnecessarily suggestive nor conducive to irreparably mistaken identification. See *Coleman v. State*, 160 Ga. App. 158, 159 (2) (286 SE2d 494) (1981).

3. To the extent that appellant requested a change in the courtroom seating arrangements so as to protect the confidentiality of his privileged communications with counsel, the trial court granted the request. To the extent that appellant urges on appeal that the trial court erred in failing, without request, to order more extensive changes in the courtroom seating arrangements, nothing is presented for decision. " ' "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal. (Cits.)" (Cits.)' [Cits.]" *Iglesias v. State*, 191 Ga. App. 403, 404 (381 SE2d 604) (1989).

4. After invocation of the rule of sequestration, the trial court, in the exercise of its discretion, was authorized to permit the chief investigating officer to remain and assist in the orderly presentation of the State's case. " '[T]he rule as fixed by [OCGA § 24-9-61,] . . . as to the sequestration of witnesses, confer[s] upon the party making such request an absolute right, subject only to the sound discretion of the trial judge in permitting one or more witnesses to remain in the courtroom to advise the opposite party in the presentation of his case.' " *Spurlin v. State*, 222 Ga. 179, 180-181 (2) (149 SE2d 315) (1966). See also *Norman v. State*, 255 Ga. 313, 316 (3) (338 SE2d 249) (1985).

Likewise, it was not an abuse of the trial court's discretion to permit this witness to testify after having heard the testimony of other witnesses for the State. *Law v. State*, 165 Ga. App. 687, 691 (4) (302 SE2d 570) (1983).

5. Although the admission into evidence of the audiotaped custodial statement of appellant's co-defendant is enumerated as error, appellant failed to object to the introduction of this evidence. " ' "We will not presume error from a silent record. The (appellant) has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. (Cit.)" (Cit.)' [Cit.]" *Smallwood v. State*, 193 Ga. App. 807, 809 (1) (389 SE2d 390) (1989). A review of the record reveals that appellant not only failed to object but that he insisted on a transcript of the taped statement being given to each juror. "Thus, error, if any [in the admission of this evidence], was self-induced and provides no basis for reversal. [Cit.]" *Fitzgerald v. State*, 193 Ga. App. 76, 78 (7) (386 SE2d 914) (1989).

6. Although the co-defendant filed a written motion to sever, appellant never filed his own motion, never joined in the co-defendant's motion, and in fact, argued against severance. Accordingly, appellant's enumeration of error predicated upon the refusal of the trial court to sever is without merit. *Coachman v. State*, 236 Ga. 473, 474 (1) (224 SE2d 36) (1976).

7. In order to secure appellate review of a purported violation of OCGA § 17-8-75, it is necessary to object in the trial court to the allegedly prejudicial comment at the time it is made. *Hudson v. State*, 250 Ga. 479, 484 (4) (299 SE2d 531) (1983). In the only apparent instance wherein appellant did raise an objection, the trial court promptly sustained the objection and, as requested, gave curative instructions to the jury and an admonition to counsel. Appellant "is left with nothing 'to complain about on appeal as he asked for no further relief.' [Cit.]" *White v. State*, 255 Ga. 210, 214 (7) (336 SE2d 777) (1985).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 1991.

*Towery, Thompson, Gulliver & Bunch, Jeffrey D. Bunch, Linda B. Borsky,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.