A98A0189. RUSSELL v. THE STATE.
(497 SE2d 36)

BIRDSONG, Presiding Judge.

Derrick Russell appeals his conviction of armed robbery in violation of OCGA § 16-8-41. He enumerates six errors. *Held*:

1. The record reveals that appellant was not present during proceedings conducted in chambers. During these proceedings, the voir dire of certain jurors took place in the presence of the judge, the prosecutor and appellant's counsel, and the State raised an objection to the defense's use of peremptory challenges to strike prospective jurors purely on racial grounds. The voir dire of prospective jurors is

a "critical stage of the proceedings" at which a defendant has "an absolute right to be present under Art. I, Sec. I, Par. XII of the Georgia Constitution" of 1983. *Goodroe v. State*, 224 Ga. App. 378, 380 (1) (480 SE2d 378). "The right may be waived by the defendant personally, or by defendant's counsel if counsel does so in the defendant's presence or pursuant to the defendant's express authority, or the defendant may subsequently acquiesce in counsel's waiver." Id. "The State concedes [in its appellate brief] that the record shows neither a personal waiver by [a]ppellant of his right to be present nor an express authorization to counsel to waive his presence." We agree. "Even though defense counsel was present in [appellant's] absence and made no objection, this does not waive the right or prevent error from being asserted on appeal." *Goodroe*, supra at 380, citing *Fictum v. State*, 188 Ga. App. 348, 349-350 (373 SE2d 54). *Wilson v. State*, 212 Ga. 73 (90 SE2d 557), where appellant repudiated the attempted waiver by his counsel at the earliest opportunity, is distinguishable from the facts of this case. As appellant's right to be present was violated and his absence was neither consented to nor waived, reversible error would occur unless appellant knowingly acquiesced in his counsel's election to proceed in his absence. *Goodroe*, supra at 380-381 (1). The State contends that in light of appellant's silence at the time of jury selection and after the overnight recess, he acquiesced in his absence at these proceedings, and asserts that this case should be remanded for a hearing as to this issue. As to the issue of acquiescence, see generally *State v. Phillips*, 247 Ga. 246, 248 (1) (B) (275 SE2d 323) and cases cited therein; *Allen v. State*, 199 Ga. App. 365 (405 SE2d 94); *Frank v. State*, 142 Ga. 741, 758 (3) (83 SE 645); see also *Harmon v. State*, 224 Ga. App. 890, 891 (482 SE2d 730) (facts reveal elements of both waiver by conduct and knowing acquiescence); compare *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) with *Fictum*, supra. Acquiescence "means a tacit consent to acts or conditions, and implies a knowledge of those things which are acquiesced in. [Compare *State v. Phillips*, supra, with *Martin v. State*, 160 Ga. App. 275 (287 SE2d 244).] One can not acquiesce in a wrong while ignorant that it has been committed, and the knowledge must be of facts." *Dunaway v. Windsor*, 197 Ga. 705, 709 (30 SE2d 627). Acquiescence may arise "where a person who knows that he is entitled to . . . enforce a right neglects to do so for such a length of time that, under the circumstances of the case, the other party may fairly infer that he has waived or abandoned his right." Black's Law Dictionary (5th ed.). Whether appellant knowingly acquiesced to the waiver of his presence, by his counsel, is a mixed question of law and fact. In view of the posture of the appellate record, including the lack of a motion for new trial and a hearing thereon, and in order to effectuate a just determination of this issue (Ga. Const. of 1983, Art. VI,

Sec. I, Par. IV), this case shall be remanded to the trial court with direction to conduct a hearing, giving both sides adequate opportunity to address the issue of acquiescence.

2. The trial court did not err in returning two jurors to the jury panel after appellant exercised his peremptory strikes to remove them. "The principles of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) apply equally to the defense as to the prosecution." *Ellerbee v. State*, 215 Ga. App. 312, 315 (6) (450 SE2d 443). Defense disproportionately used eleven of its twelve peremptory strikes against white jurors and only one against a black juror; it also used one of its two alternate jury strikes against a white juror. The State established a prima facie case of discriminatory use of peremptory strikes. Compare *Ellerbee v. State*, supra (black appellant struck 12 white jurors). The defense initially asserted that one white female juror (juror no. 2) was struck because she had been the victim of a similar armed robbery and subsequently also asserted that this juror lived in Dunwoody which allegedly is "notorious for not having a lot of black people living there." However, the State noted that a black female juror (juror no. 7) had been accepted by the defense, although she too had been an armed robbery victim and had the perpetrator's gun pointed directly at her. The trial court held that the proffered race-neutral reason was "not acceptable on step 3," see generally *O'Neal v. State*, 226 Ga. App. 224 (1) (482 SE2d 478) (three-part test required), thereby implicitly holding that the race-neutral reason proffered for the strike was pretextual and that the strike was exercised in a purposefully discriminatory manner. The State met its burden of showing that the defense's proffered reason was a pretext for discrimination "by showing that [appellant] had failed to strike [a] similarly situated [juror] of a different race." *Blair v. State*, 267 Ga. 166, 167 (2) (476 SE2d 263). The defense struck a white male juror (juror no. 29) because he was an accountant, well dressed, would not have empathy with the accused, and was in an occupation indicating the person is conservative in their thinking. A strike based on a person's employment or marital status facially is race-neutral. *O'Neal*, supra at 225 (1). Unlike *O'Neal*, supra, however, the record of voir dire in this case when viewed in its totality establishes that the trial court accepted the reason as a race-neutral explanation, under step 2, but affirmatively found, under step 3, that the race-neutral reason was pretextual and that the strike had been exercised in a purposefully discriminatory manner. This finding was made, after examining inter alia the circumstances of two black female jurors, including a female black juror (juror no. 4) who was an accountant (perceived to be a conservative-oriented profession), who had been a victim of both burglary and car theft, and who had a female cousin in jail for possession but opined that was the best thing to happen to her cousin.

Compare *Blair*, supra. The trial court's finding of fact that the strike was exercised in a purposefully discriminatory manner must be affirmed unless clearly erroneous. *Smith v. State*, 264 Ga. 449, 451 (1) (448 SE2d 179). The voir dire transcript reveals that the trial court's rulings were not clearly erroneous. "Both the State and a criminal defendant have the constitutional right to have a jury whose members are selected pursuant to nondiscriminatory criteria [cits.]; 'and an individual juror has the *right* not to be excluded from a jury on account of race.' . . . [Cit.] The trial court has constitutional authority to exercise such power as necessary in aid of its jurisdiction and to protect its judgments [cit.]; accordingly, the trial court had the constitutional power to seat an individual juror determined to have been challenged in violation of *Batson*." *Ellerbee*, supra at 316-317 (7) (b).

3. The trial court did not err as asserted by appellant in admitting in evidence a statement of co-defendant Steele contrary to *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476). The statement was redacted, before being read to the jury, to delete any direct reference to the appellant. The trial court instructed the jury that the statement could only be used against the co-defendant, and it could not be used against appellant and no inference could be drawn therefrom against appellant. " 'The implication of another defendant must be direct. It is not a *Bruton* violation if the redacted confession identifies the defendant only through the jury's making connections with other evidence and drawing inferences. The [co-defendant's] statements standing alone must clearly inculpate the defendant.' " (Emphasis omitted.) *Durden v. State*, 219 Ga. App. 732, 735-736 (5) (466 SE2d 641), citing *Walker v. State*, 213 Ga. App. 407, 413 (7) (444 SE2d 824). As the only inference identifying appellant with the co-defendant's statement was through other evidence, there was no error. *Durden*, supra at 736 (5).

Additionally, appellant's counsel, during his cross-examination of Detective Donehoo, informed the jury that appellant was the person with the co-defendant. One cannot complain of a result he procured or aided in causing by his conduct or trial tactics, and induced error is not an appropriate basis for claiming prejudice. *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251).

4. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of armed robbery of

which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

5. Appellant's counsel filed a timely notice of appeal without tendering a motion for new trial and raising timely the issue of ineffective assistance of counsel. As appellant has failed to raise this issue at the earliest opportunity, he cannot now raise it for the first time on appeal. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659).

6. The trial court did not abuse its discretion in denying appellant's motion in limine to preclude any witness from mentioning that the dark-colored (green), pickup truck, in which the co-defendant and appellant were riding at the time of their arrest, was a stolen vehicle. The arresting officer observed a pickup that matched the lookout description broadcast of the vehicle being used by perpetrators of the armed robbery; when he activated his lights and siren, the driver of the vehicle refused to stop immediately and ignored signals to stop for approximately a quarter-mile. The vehicle was subsequently identified as a stolen vehicle, and a pistol was found under the driver's seat. "Where evidence is relevant for the purpose of showing flight or the circumstances of arrest, it will not be excluded because it incidentally shows the commission of another crime." *Mullins v. State*, 147 Ga. App. 337, 338 (6) (248 SE2d 706) (admission of detective's testimony as to recovery of a stolen automobile used in the escape from a robbery scene and the manner in which it was linked to defendant was not erroneous); see *Hutson v. State*, 216 Ga. App. 100, 101 (5) (453 SE2d 130).

This case is affirmed on the following condition. Pursuant to our holding in Division 1, above, this case is remanded for a hearing as to the issue of acquiescence. The trial court should consider and balance all relevant factors in arriving at its determination regarding the issue of acquiescence and make relevant findings of fact, including: (1) whether appellant knew of his right to be present during jury selection; (2) whether appellant's counsel waived appellant's right to be present in the presence of appellant; (3) whether appellant posed any form of timely objection to conducting voir dire outside his presence; (4) whether appellant was absent voluntarily or whether he was in confinement or custody of the State; (5) whether the trial court announced in the appellant's presence that counsel would meet with him in chambers to continue the voir dire; and (6) if the trial court so announced the chambers conference in appellant's presence, whether a fair risk existed that such announcement would have misled appellant as to his right to be present during voir dire. Should the trial court determine on remand that a finding of acquiescence is not warranted, judgment of conviction shall be vacated and a new trial is in order. Should the trial court conclude that appellant acquiesced in his counsel's waiver of his presence, the judgment of conviction shall

stand affirmed and appellant is authorized to file an appeal of the trial court's order within 30 days of that ruling. Cf. *Turner v. State*, 267 Ga. 149, 155 (3) (476 SE2d 252).

*Judgment affirmed on condition; case remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED FEBRUARY 11, 1998.

*Yvonne Twyman-Williams*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Jennifer M. Daniels, Assistant District Attorneys*, for appellee.