## A00A0042. BROWN v. THE STATE.
### (533 SE2d 453)

BARNES, Judge.

Derrick H. Brown was indicted for and convicted of aggravated assault on a person 65 years old or older, robbery by force, kidnapping with bodily injury, and burglary. He makes two arguments on appeal: (1) the trial court erred in failing to grant a motion to suppress evidence that he was identified in a lineup and failing to grant a motion in limine to prevent the victim from identifying him in court; and (2) the trial court erred in allowing a deputy sheriff to testify that an accomplice led to Brown's arrest. We disagree and affirm.

Construed to support the verdict, the evidence at trial showed that Brown pushed his way into the home of the 83-year-old victim, hit her on the back of her head with a table lamp, twisted her arm behind her back to force her to the floor, dragged her into another room, tied her wrists and ankles together, and kicked her in the back. Brown and an accomplice then rummaged through the house and left with several guns and the victim's pocketbook.

The victim suspected the accomplice was involved, because he had been in her house previously and had stolen some checks, so she asked the investigating sheriffs to investigate him. The accomplice identified Brown, whom the sheriffs located in Chicago. Brown was extradited to Georgia, and after the victim identified him in a lineup, a grand jury indicted him on the four counts described above. He was convicted on all four counts.

1. Brown argues that the trial court erred in denying his motion to suppress the victim's testimony that she identified him at a preindictment lineup because he was entitled to counsel during that lineup. He also argues that the victim's subsequent in-court identification was impermissibly tainted by the improper lineup.

> [T]he right to counsel attaches only to corporeal identifications taking place "at or after the initiation of adversary judicial criminal proceedings — whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, [406 U. S. 682, 689 (92 SC 1877, 32 LE2d 411) (1972)].

*Coleman v. State*, 160 Ga. App. 158 (1) (286 SE2d 494) (1981). Brown's argument assumes that he had been indicted for these offenses before the lineup because he was extradited from Illinois to Georgia. This allegation is not supported by the record, as he was not indicted until months after the lineup, and an indictment is not required before extradition may be requested. OCGA §§ 17-13-1 (4); 17-13-23. As a result, this enumeration of error is without merit.

2. Brown contends that the trial court erred in allowing a deputy sheriff to testify that the statement of an accomplice led to Brown's arrest, arguing that this statement violated his right to confrontation.

On cross-examination, Brown's trial counsel asked an investigating officer, "Detective, you identified Mr. Brown as a suspect based on information you got from an admitted participant in this offense; isn't that correct?" The officer acknowledged that this statement was correct. On redirect, the prosecutor asked the detective, "Who was that participant?" He answered, "Ricky Jackson."

This testimony presents no ground for reversal because Brown's own conduct led to the introduction of the testimony he now challenges. *McWhorter v. State*, 271 Ga. 461, 463 (4) (519 SE2d 903) (1999); *Sweeney v. State*, 233 Ga. App. 862, 865 (4) (506 SE2d 150) (1998). Brown initially raised the topic of how an accomplice led the investigation to Brown; the prosecutor was merely asking that accomplice's name. We find no error.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2000 —

*Saia & Richardson, Joseph J. Saia,* for appellant.
Derrick Brown, *pro se.*
*William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney,* for appellee.