## A01A2063. HORTON v. THE STATE.
### (556 SE2d 503)

MIKELL, Judge.

The state filed an accusation against Gregory L. Horton in the State Court of Cobb County charging him with obstructing a law enforcement officer, making harassing phone calls, and disorderly conduct. The charges arose out of a dispute between Horton and his neighbor, Samuel Merriweather, over the quality of a paint job that Merriweather performed on Horton's home. After a jury trial, Horton was convicted of disorderly conduct, acquitted of the remaining charges, and sentenced to 12 months on probation. On appeal, Horton argues that the trial court committed three reversible errors by: (1) granting the state's motion to allow a juror who had been struck by Horton to be seated on the jury; (2) holding an evidentiary hearing outside of Horton's presence; and (3) charging the jury improperly on the crime of disorderly conduct. Having found that the trial court erred by allowing the juror that Horton struck to serve on the jury, we reverse.

1. Although voir dire was not recorded in this case, the trial transcript shows that Horton, who is white, used three out of four of his peremptory strikes to remove three of the six black panel members. After the state challenged the strikes, the trial court found that Horton's reasons for striking two of the potential jurors were race-neutral. However, as to Horton's third strike, the trial court held that

---

[5] See *Butler v. State,* 172 Ga. App. 405, 406 (1) (323 SE2d 628) (1984).

Horton's reason, that the juror was a new employee at the same company that employed Merriweather, who is black, was not a race-neutral reason. Horton contends that the trial court's holding was erroneous. We agree.

In *Russell v. State*,[1] we held that a strike based on a person's employment status is race-neutral. Nevertheless, as the state points out, we affirmed the trial court's finding of discrimination in *Russell*.[2] We did so, however, because there, the state met its burden of proving that the defendant's race-neutral reason was pretextual.[3] Here, the state did not meet that burden.

> [Our Supreme] Court held that *Purkett v. Elem*[4] requires the trial court to establish, on the record, that it has applied a three-part test to a party's claim of discrimination in the use of peremptory strikes. First, the party challenging a strike has the burden of making a prima facie showing of discrimination. The proponent of the strike must then produce an explanation for the strike which is race-neutral and nondiscriminatory on its face, but is not required to enunciate an explanation that is persuasive, or even plausible. *Jackson [v. State]*,[5] quoting *Purkett*.[6]

The burden of proving that the proffered explanation is merely pretext for discrimination then shifts back to the challenging party.[7]

In this case, the record does not establish that the trial court completed the three-step analysis in that it did not shift the burden back to the state to show that Horton's explanation was merely pretextual. Instead, the court inquired as to whether either party needed to discuss Merriweather's place of employment during the trial, ordered that they not do so when they both responded negatively, and instructed the juror not to share this information with the other members of the jury. The court then stated, "[t]he question then comes as to whether or not it was a race[-]neutral strike. The Court has heard the argument of the defendant. He had an opportunity to put that argument again on the record, and he is going to do that in a moment." After hearing argument from defendant's counsel, the court announced its ruling. It concluded that Horton's reason was not race-neutral and ordered that the juror serve on the jury. The court

---

[1] 230 Ga. App. 546 (497 SE2d 36) (1998).
[2] Id.
[3] Id. at 548 (2).
[4] 514 U. S. 765 (115 SC 1769, 131 LE2d 834) (1995).
[5] 265 Ga. 897, 898 (2) (463 SE2d 699) (1995).
[6] (Punctuation omitted.) *O'Neal v. State*, 226 Ga. App. 224-225 (1) (482 SE2d 478) (1997).
[7] Id., citing *Jackson*, supra at 899.

did not require the state, i.e., the opponent of the strike, to argue that Horton's reason was pretextual prior to the court's making its ruling.

As discussed above, we noted in *Russell*[8] that a strike based on a juror's employment is facially race-neutral. The trial court in the case at bar should have required some showing from the state, or at least argument, on which to base the court's implied finding that the strike based on place of employment was pretextual. For example, in *Russell*, the state met its burden of showing that the strike was pretextual by showing that the defendant had failed to strike a similarly situated juror of a different race.[9] Here the court failed to accomplish step three of the required three-step process. Instead it ruled based only on the prima facie case of step one and on a race-neutral explanation offered by the proponent of the strike in step two.

By failing to shift the burden back to the state, the trial court impermissibly placed the ultimate burden of persuasion upon the proponent of the strike.[10] This, it cannot do. "The ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike."[11] Though the trial court's findings on whether the opponent of the strike has met his burden of persuasion is ordinarily entitled to great deference and affirmed on appeal unless clearly erroneous,[12] where, as here, the trial court did not require the opponent of the strike to meet its burden, the trial court's finding was clearly erroneous, and Horton must be given a new trial.

2. In light of our holding in Division 1, we need not address Horton's remaining enumerations.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 14, 2001.

*Cook & Pugh, Joel C. Pugh, John C. Barrett,* for appellant.
*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Sidney O. Smith III, Assistant Solicitors-General,* for appellee.

---

[8] Supra.
[9] Id. at 548.
[10] *Jackson,* supra at 899 (2).
[11] (Citation and punctuation omitted.) *Hinson v. State,* 237 Ga. App. 366, 368 (3) (515 SE2d 203) (1999).
[12] *Barnes v. State,* 269 Ga. 345, 349 (6) (496 SE2d 674) (1998).